UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>FLUOR CORPORATION, DAVID T. SEATON, BIGGS C. PORTER, BRUCE A. STANSKI, MATTHEW McSORLEY, and GARY G. SMALLEY,<br><br>   *Defendants*. | § § § § § § § § § § § § § §   Civil Action No. 3:18-CV-01338-X |

## MEMORANDUM OPINION AND ORDER

Lead Plaintiffs Wayne County Employees Retirement System and the Town of Fairfield Employees' Retirement Plan and the Town of Fairfield Police and Firemen's Retirement Plan ("Fairfield Funds") claim that defendants Fluor Corporation ("Fluor"), and Fluor officers David Seaton, Biggs Porter, Bruce Stanski, Matthew McSorley, and Gary Smalley violated federal securities law with various misrepresentations and omissions regarding four fixed-price, gas-fired power plant projects. The defendants moved to dismiss [Doc. No. 72]. For the reasons that follow, the Court **GRANTS IN PART** the defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the lead plaintiffs' claims. However, the Court allows lead plaintiffs 28 days to replead their claims to address issues raised in this opinion. Also

1

ripe for the Court's consideration is the defendants' Request for Consideration of Documents Incorporated by reference and Eligible for Judicial Notice Regarding Defendants' Motion to Dismiss the Consolidated Complaint [Doc. No. 74]. The Court **GRANTS IN PART** the Request for Consideration of Documents as to the Mitsubishi complaint. The Court **DENIES WITHOUT PREJUDICE** the remainder of the request for consideration. The defendants may reurge their points when the lead plaintiffs file their amended consolidated complaint.[1]

## I. Factual Background

Fluor is headquartered in Irving and provides engineering, procurement, construction, and project management services. Fluor was previously in the business of competitively bidding to engineer, procurement, and construct gas-fired power plants for a fixed price. Fluor was awarded contracts on four such projects from 2012 to 2015: (1) Brunswick County, Virginia, (2) Greensville County, Virginia, (3) Anderson County, South Carolina, and (4) Citrus County, Florida. While the projects varied in size, three of them centered around next-generation turbines from Mitsubishi (all but Anderson were Mitsubishi). All four projects encountered challenges. Some challenges were due to weather, others were due to a steep learning curve with the next generation turbines or delivery problems from Mitsubishi, and still others were due to labor shortages and diminished labor efficiency. Fluor's

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this Court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI (2), reprinted in Texas Rules of Court: Federal at 262 (West Pamp. Supp. 2019). To eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the Court's docket, and because the court has determined that the motion is suitable for resolution in this manner, the Court is deciding this motion by order rather than by a more detailed memorandum opinion.

disclosures in August 2017 and May 2018 indicated it incurred significant losses, leading to a $125 million pre-tax charge and a $144 million segment loss in the first quarter of 2018. Fluor ultimately closed the office responsible for the bids and exited the fixed-price, gas-fired power plant market.

Chun brought this suit as a putative class action to recover the loss in stock value as a result of the cost overruns and disclosures. The Court appointed Wayne County Employees Retirement System and Fairfield Funds as Lead Plaintiffs [Doc. No. 41] and they filed a consolidated complaint [Doc. No. 47]. The live complaint alleges that the defendants approved unrealistically low bids counter to the advice of Fluor engineers, misrepresented the construction and budget process to investors (by saying Fluor was "selective" and "very conservative" with its bids), and later sued Mitsubishi over supply issues. The lead plaintiffs also allege that the individual defendants made over $30 million in ill-gotten gains from stock sales while Fluor raised $1.6 billion in offerings during the fraud. Ultimately, Fluor closed the Charlotte office that handled the bids, replaced its Power leadership team, and exited the fixed-price, gas-fired power plant market. The defendants moved to dismiss that live complaint, and the motion is ripe.

## II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor."[2] To survive a motion to dismiss, Chun must

---

[2] *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2012)).

allege enough facts "to state a claim to relief that is plausible on its face."[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[5] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[6]

But this is no normal complaint, and thus no normal motion to dismiss. This is a fraud case, specifically regarding federal securities. For fraud, Rule 9 requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake."[7] "In other words, Rule 9(b) requires 'the who, what, when, where, and how to be laid out' in the complaint."[8] "To plead an omission with sufficient particularity, plaintiff must specifically plead when a given disclosure should have been made."[9]

However, puffery or generalized statements are not actionable. "[G]eneralized, positive statements" including "statements about the company's competitive strengths, experienced management, and future performance are not actionable

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[6] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[7] FED. R. CIV. P. 9.

[8] *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012) (citing *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

[9] *Masel v. Villarreal*, 924 F.3d 734, 749 (5th Cir. 2019).

because they are immaterial."[10]  Likewise, statements of opinion are not actionable because they are not verifiable.[11]

Securities fraud claims have their own requirements.  The Public Securities Litigation Reform Act requires the lead plaintiffs to specify "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they are fraudulent."[12]  Pleading misstatements therefore requires the lead plaintiffs to: (1) specify each allegedly misleading statement; (2) identify the speaker; (3) state when and where the statement was made; and (4) explain why the statements were fraudulent.[13]

### III.  Application

#### A.  Alleged Misstatements[14]

The defendants claim that the alleged misstatements are: (1) nonactionable opinion or puffery, and (2) are not adequately alleged to have been false when made.  The lead plaintiffs respond that the opinions were sufficiently concrete to be actionable and were false when made.

The Court finds a failure to adequately plead the alleged misstatements with the required specificity.  But the Court, as explained below, is granting the lead plaintiffs leave to replead.  As a result, instead of examining every statement, this order examines several specific examples.  First, the lead plaintiffs contend that

---

[10] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 869 (5th Cir. 2003).

[11] *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1326 (2015).

[12] *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[13] *ABC Arbitrage Plaintiffs' Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).

[14] The motion to dismiss and response separate the alleged misstatements into categories for bidding and progress.  This order addresses them together.

"Defendants later admitted that Fluor's gas-fired power plant bids were *never* realistic. ¶215."[15] But paragraph 215 of the consolidated complaint contains no such admission. It quotes in depth a 2018 call with investors where Seaton indicated 10 of the 12 gas-fired projects failed to meet expectations, 3 suffered losses, and these failures were the result of productivity, estimating, and competition. The paragraph does not indicate that the defendants knew the four bids contained faulty estimations when they submitted them and informed investors at that time.

Likewise, the lead plaintiffs contend that the "[d]efendants later admitted that the four Gas-Fired Plant projects had always 'had a fundamental problem' and 'did not meet the original baseline assumptions due to improper estimating, craft productivity and equipment issues.' ¶131."[16] But this does not show that the defendants knew of estimating or labor issues when submitting the bids and informing investors at that time.

Other allegations also lack substantiation. For example, the lead plaintiffs claim a statement by McSorley in November 2014 was false when he said: "All of our projects over the past four or five years: on budget, on schedule, no claims."[17]. Their basis for falsity is a statement by Seaton in May 2018 that "10 of the 12 have underperformed our as-sold expectations, with 3 suffering losses."[18]. But this statement in 2018 of how projects ended does not demonstrate the falsity of a report on progress in 2014.

---

[15] Lead Plaintiffs' Response to Defendants' Motion to Dismiss at p.16 [Doc. No. 86].

[16] *Id.* at 17.

[17] *Id.*

[18] *Id.* at 18.

As an additional example, the lead plaintiffs claim that the defendants said they had "very good relations" with turbine manufacturers like Mitsubishi even though they already sent a letter notifying Mitsubishi of performance issues and later sued Mitsubishi.[19]. But the lead plaintiffs fail to acknowledge that the letter regarded only minor components and the lawsuit only happened three and a half years later because "the late and mis-labeled deliveries continued and worsened."[20] The lead plaintiffs' allegations such as this still need substantiation to avoid being dismissed with prejudice.

The Court will defer to a future order addressing a subsequent pleading and motion to dismiss to make any determination of what statements constitute nonactionable opinion or puffery. The Court will give the lead plaintiffs a final opportunity to make their best substantiated allegations and consider them holistically before dismissing anything with prejudice.

### B. Scienter

The motion to dismiss also contends that the consolidated complaint fails to plead a cogent and compelling inference of scienter. Specifically, the defendants argue the complaint lacks sufficient allegations to make a cogent and compelling case that the statements involved an intent to deceive or severe recklessness because the allegations are based on later developments. The lead plaintiffs respond, among other

---

[19] *Id.* at 27.

[20] Defendants' Motion to Dismiss for Failure to State a Claim at p.7, n.3 [Doc. No. 72]. While the Mitsubishi complaint was not attached to the lead plaintiffs' consolidated complaint, it was referenced in the complaint and included in the defendants Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice Regarding Defendant's Motion to Dismiss the Consolidated Complaint. The Court holds that consideration of the Mitsubishi complaint is appropriate at this phase because it is central to the consolidated complaint.

things, that the individual defendants stock sales at a profit and Fluor's raising of $1.6 billion in offerings show motive and the opportunity to commit fraud.

To adequately plead scienter, the lead plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[21] That requires that the inference be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged."[22] "[T]he court must consider plausible inferences supporting as well as opposing a strong inference of scienter. Ultimately, in order to create an inference of scienter, the allegations in the complaint must be 'cogent and compelling,' not simply 'reasonable,' or 'permissible.'"[23] The defendants must have "had actual knowledge" of facts at the time they made the alleged misstatements that would have made those statements unreasonable to properly plead scienter.[24]

Falsity and scienter are first cousins in a case such as this. The lead plaintiffs' allegations must make a showing both that the statements were false when made (falsity) and that the defendants knew of the falsity or had severe recklessness (scienter). Because the Court has required a repleading as to falsity, any determination as to scienter at this specific time would be premature. But the issues the Court identified with regard to falsity are also issues the lead plaintiffs must plead adequately in their amended complaint to avoid dismissal with prejudice.

---

[21] 15 U.S.C. § 78u-4(b)(2)(A).

[22] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

[23] *Local 371 I.B. of T. Excavators & Pavers Pension Trust Fund v. Diodes, Inc.*, 810 F.3d 951, 957 (5th Cir. 2016) (quoting *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008)).

[24] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 867–68 (5th Cir. 2003).

IV. Conclusion

For these reasons, the Court **GRANTS IN PART** the defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the lead plaintiffs' consolidated complaint.  The lead plaintiffs must refile their consolidated complaint within 28 days of the issuance of this order.  The court also **GRANTS IN PART** the defendants' Request for Consideration of Documents as to the Mitsubishi complaint.  The Court **DENIES WITHOUT PREJUDICE** the remainder of the request for consideration.  The defendants may reurge their points when the lead plaintiffs file an amended consolidated complaint[25]

**IT IS SO ORDERED** this 5th day of March, 2020**.**

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[25] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.