UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § | Civil Action No. 3:18-CV-01338-X |
| | § | |
| FLUOR CORPORATION, et. al., | § § | |
| *Defendants.* | § § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are four motions. Lead plaintiffs Wayne County Employees Retirement System and the Town of Fairfield Employees' Retirement Plan, the Town of Fairfield Police and Firemen's Retirement Plan's (the latter two collectively "Fairfield Funds") bring a motion to consolidate this case with *Union Asset Management Holding AG v. Fluor Corporation et. al.*, Civil Action No. 3:20-cv-00518 and a motion to vacate the lead plaintiff motion deadline in the Union Asset Management Holding AG's ("Union") case and to require Union to republish a corrected public notice [Doc. No. 92]. Union filed a motion to intervene, which contains two other motions: a motion to strike the lead plaintiffs' amended consolidated complaint and a motion to reopen the lead plaintiff selection process [Doc. No. 95]. For the reasons that follow, the Court **GRANTS** Union's motion to intervene, **DENIES** Union's motion to strike, **DENIES** Union's motion to reopen the

lead plaintiff process, **GRANTS** the lead plaintiffs' motion to consolidate, and **DISMISSES AS MOOT** the lead plaintiffs' motion to vacate and require Union to republish its public notice. Upon consolidation, the Court will dismiss as moot the lead plaintiff motions currently pending in *Union Asset Management Holding AG v. Fluor Corporation et. al.*, Cause No. 3:20-cv-00518.

## I.

Defendant Fluor Corporation, Inc. ("Fluor") is an engineering, procurement, and construction company that was previously in the business of competitive bidding in engineering, procurement, and construction of gas-fired power plants for a fixed price.[1] Fluor was awarded contracts on four such projects from 2012 to 2015. All four projects encountered challenges. Fluor's disclosures in August 2017 and May 2018 indicated it incurred significant losses, leading to a $125 million pre-tax charge and a $144 million segment loss in the first quarter of 2018. Fluor ultimately closed the office responsible for the bids and exited the fixed-price, gas-fired power plant market.

Chun brought this suit as a putative class action to recover the loss in stock value as a result of the cost overruns and disclosures. The Court appointed Wayne County Employees Retirement System and Fairfield Funds as lead plaintiffs [Doc. No. 41] and they filed a consolidated complaint [Doc. No. 47]. The defendants, Fluor and various Fluor officers, moved to dismiss that complaint on July 15, 2019 [Doc. No. 72]. The Court granted the motion to dismiss on March 5, 2020 but allowed lead plaintiffs to replead [Doc. No. 89]. While the motion to dismiss was being considered,

---

[1] This case is also the subject of a more detailed memorandum opinion on a motion to dismiss. [Doc. No. 89].

on February 18, 2020, Fluor announced that it was under investigation by the Securities Exchange Commission. In response, Union filed its own putative class action complaint on February 28, 2020 alleging Fluor, among other things, improperly recognized revenue on sixteen separate projects in violation of the Securities Exchange Act between November 2, 2017 and February 14, 2020. After this Court's March 5, 2020 order allowing the lead plaintiffs to replead, the lead plaintiffs filed an amended consolidated complaint on April 2, 2020. The parties do not dispute that the amended consolidated complaint encompasses the claims and issues raised in Union's complaint.

After filing the amended consolidated complaint, the lead plaintiffs filed a motion to consolidate requesting this case be consolidated with Union's case. The filing also includes a motion requesting that the deadline to file a lead plaintiff motion in Union's case be vacated and that Union be further required to republish its public notice to say no new lead plaintiff motions will be heard and that the case has been consolidated. The day after lead plaintiffs' filing Union filed a motion to intervene, containing a motion to strike the amended consolidated complaint and, in the alternative, a motion to vacate the lead plaintiff order and restart the lead plaintiff selection process. These motions are ripe for this Court's review.

## II.

Under Federal Rule of Civil Procedure 24(b), the Court "on timely motion" may permit permissive intervention in a case "if the movant can demonstrate that it 'has a claim or defense that shares with the main action a common question of law or fact' and that it will not 'unduly delay or prejudice the adjudication of the original parties'

rights."[2] "Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."[3] Among other factors, the Court may consider whether other parties adequately represent the intervenor's interests and whether "intervention will unduly delay the proceedings or prejudice existing parties."[4] On timeliness, the "inquiry is contextual; absolute measures of timelines should be ignored. Timeliness is not limited to chronological considerations but is to be determined from all the circumstances."[5]

Union's motion to intervene contains a motion to strike lead the plaintiffs' amended, consolidated complaint—which is related to lead plaintiffs' motion to consolidate—and a motion to reopen the lead plaintiff selection process.

Regarding Union's motion to strike, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and should be granted only when the matters at issue possess "no possible relation to the controversy."[6]

Regarding lead plaintiffs' motion to consolidate, Federal Rule of Civil Procedure 42 allows a court to consolidate actions that "involve a common question of

---

[2] *S.E.C. v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011) (quoting FED. R. CIV. PROC. 24(b)).

[3] *Id.* (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir.1987)).

[4] *Kneeland*, 806 F.2d at 1289.

[5] *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotation marks omitted).

[6] *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).

law or fact." "Federal district courts have very broad discretion in deciding whether or not to consolidate."[7]  In considering whether to consolidate, a court may consider several factors, including but not limited to:

> (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.[8]

Lastly, regarding Union's motion to reopen the lead plaintiff selection process, 15 U.S.C. § 78u-4(a)(3)(A) requires that "20 days after the date on which the complaint is filed," the plaintiffs must publish "a notice advising members of the purported plaintiff class" of the pending actions, claims asserted and purported class period.  Additionally, "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."[9]  "The statute is unequivocal and imposes precise time requirements; therefore all motions for appointment of Lead Plaintiff must be filed within sixty days of the published notice."[10]

---

[7] *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

[8] *Ashford Hosp. Prime Inc. v. Sessa Capital (Master) LP*, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017) (Godbey, J.); *see also Russo v. Alamosa Holdings, Inc.*, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (Cummings, J.) (listing the same factors).

[9] 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

[10] *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 439–40 (S.D. Tex. 2002).

III.

A.

Union argues in its motion to intervene that it should be granted intervention as of right and permissive intervention because its claims have been absorbed by Union's amended consolidated complaint.  The Court agrees that permissive intervention is appropriate and need not address intervention as of right.

As both parties acknowledge, the scope of the lead plaintiffs' amended consolidated complaint incorporates the class period, claims, and issues in Union's complaint.  Because the amended consolidated complaint incorporates Union's complaint, the Court finds Union's claims share with this case common questions of law and fact.[11]  The Court also finds the parties in this case will not be unduly prejudiced by Union's intervention because this case has not yet proceeded to discovery and that briefing on the upcoming motion to dismiss will not be complete for several months.  Lead plaintiffs object that Union's motion is untimely and that if the Court grants Union's request to strike the amended complaint or restart the lead plaintiff selection process, the parties in this case will incur undue prejudice and delay.  Lead plaintiffs further object that they already adequately represent Union's interests.

On the timeliness issue, the Court must look to the context of this case to determine what is timely.[12]  Given that lead plaintiffs' motion to consolidate would subsume Union's case if granted, the date this motion was filed serves as an adequate

---

[11] FED. R. CIV. PROC. 24(b).

[12] *Wal–Mart Stores*, 834 F.3d at 565.

6

base point to determine when filing a motion to intervene is timely. As Union filed their motion to intervene one day after lead plaintiffs filed their motion to consolidate, the Court finds Union's motion was timely filed.

Concerning the lead plaintiffs' undue prejudice, undue delay, and adequate representation concerns, these concerns are moot. As will be discussed below, the Court will not grant Union's motion to strike the amended complaint or motion to restart the lead plaintiff selection process.

For these reasons, the Court will allow Union's permissive intervention into this case.

## B.

Within its motion to intervene, Union moves to strike lead plaintiffs' amended consolidated complaint under Federal Rule of Civil Procedure 12(f), arguing that the lead plaintiffs expanded their complaint beyond the scope of what this Court permitted in its dismissal order issued on March 5, 2020. Lead plaintiffs respond that this Court's dismissal order permitted them to expand their complaint and that Union does not meet the high bar required to strike a complaint. The Court agrees with the lead plaintiffs.

The Court's dismissal order allowed lead plaintiffs to expand their complaint. The relevant language in the order states "the Court allows lead plaintiffs 28 days to replead their claims to address issues raised in this opinion" and "[t]he lead plaintiffs must refile their consolidated complaint within 28 days of the issuance of this order."[13] This language only requires lead plaintiffs in its refiled complaint to address

---

[13] The Court's Dismissal Order at 1, 9 [Doc. No. 89].

7

the issues the Court raised but does not otherwise restrict lead plaintiffs from expanding their complaint. Thus, the text of the order allows lead plaintiffs to file an expanded complaint, so long as the issues raised in the Court's order are addressed.[14] Additionally, Union does not establish under Federal Rule of Civil Procedure 12(f) that the expanded claims and facts in the amended consolidated complaint are "redundant, immaterial, impertinent, or scandalous." Indeed, Union does not make any argument on this point and instead focuses its arguments on how the amended consolidated complaint goes beyond the scope of what this Court's dismissal order allowed. However, as shown above, lead plaintiffs were not barred from expanding their complaint.

Union objects that the language in the Court's order is more restrictive and allows lead plaintiffs "only to replead their claims 'to address issues raised in this opinion.'"[15] However, the Court's order does not use the word "only" and so is not as restrictive as Union argues. The order also does not contain any similar restrictive language that would indicate lead plaintiffs were barred from expanding their complaint.

For these reasons, the Court finds the amended, consolidated complaint to be the operative complaint in this case and does not strike or otherwise dismiss it.

## C.

The lead plaintiffs in their motion to consolidate allege Union's action should

---

[14] Yes, this is certainly creative. But no more so than Union filing three motions in one.

[15] Union's Motion for Intervention Reply at 3 [Doc. No. 107] (citing The Court's Dismissal Order at 1 [Doc. No. 89]).

be consolidated with this case because the Union action "involves overlapping factual questions, overlapping defendants, an overlapping class period, and asserts identical legal claims" with the amended consolidated complaint.[16]  Union does not dispute that the lead plaintiffs' amended consolidated complaint effectively subsumes its own complaint.  The lead plaintiffs further request in their motion that the deadline to file a lead plaintiff motion in Union's case be vacated and that Union be required to publish a corrected notice that no new lead plaintiff motions will be heard and that the case has been consolidated.  Union does not object to lead plaintiffs' motion to consolidate as it applies to lead plaintiffs' amended consolidated complaint.[17]  The Court agrees with the lead plaintiffs with regards to their motion to consolidate the two cases but finds their motion to vacate and require Union to republish its public notice to be moot.

The Court finds that this case and the Union case "involve a common question of law or fact" and so will consolidate them.[18]  In considering whether to consolidate, the Court finds factors (1), (2), (3), and (6), as listed in *Ashford Hospital Prime Inc. v. Sessa Capital (Master) LP*, to be decisive.[19]  Regarding factors (1) and (2), both cases are pending before this Court and involve a common party, defendant Fluor.  Regarding factor (3), the amended consolidated complaint in this case subsumes the

---

[16] Lead Plaintiffs' Motion to Consolidate Brief at 6 [Doc. No. 93].

[17] Union only objects to the motion to consolidate as it applies to the lead plaintiffs' initial consolidated complaint.  For the amended consolidated complaint, it appears Union relies on the arguments it makes in its motion to strike, which the Court has already disposed of.  As the Court has determined the amended, consolidated complaint (and not the initial consolidated complaint) is operative, the Court need not address Union's objections to the motion to consolidate as it applies to the initial consolidated complaint.

[18] FED. R. CIV. PROC. 42(a).

[19] 2017 WL 2955366, at *11.

9

issues of law and fact in Union's complaint, as no party disputes. Regarding factor (6), the Court's judicial efficiencies will be increased and resources conserved by only having to rule on one class action certification motion and by avoiding the risk of prejudice and confusion that may come with the overlapping issues between these two cases.

The lead plaintiffs' motion to vacate and for Union to republish its public notice is moot. First, the deadline to file a lead plaintiff motion was April 28, 2020, which has since passed. Second, as will be shown in the next section, the lead plaintiffs will remain lead plaintiffs in this case.

For these reasons, the Court will consolidate this case with Union's case and will moot the lead plaintiffs' motion to vacate and for Union to republish its public notice.

## D.

Union in its motion to intervene argues that, in the event the Court denies its motion to strike the lead plaintiffs' amended consolidated complaint, the Court should restart the lead plaintiff selection process in this case because the lead plaintiffs' amended, consolidated complaint dramatically altered the nature of this lawsuit. The lead plaintiffs respond that the deadline for filing the lead plaintiff motions has passed and that the amended consolidated complaint has not dramatically altered the nature of the lawsuit. The Court agrees with the lead plaintiffs.

The Court declines to restart the lead plaintiff selection process. The deadline for lead plaintiff motions to be filed is "60 days after the date on which the [public]

notice is published."[20]  That deadline expired nearly two years ago and resulted in the appointment of the Wayne County Employees Retirement System and Fairfield Funds as lead plaintiffs.  As noted before, the text of 15 U.S.C. § 78u-4(a)(3)(A) "is unequivocal and imposes precise time requirements; therefore all motions for appointment of Lead Plaintiff must be filed within sixty days of the published notice."[21]  The text of the statute does not contemplate a restarting of the lead plaintiff selection process.  As such, the Court will not restart the selection process.

Union objects that the lead plaintiff selection process can be restarted when an amendment to a complaint "dramatically alters the contours of the lawsuit."[22]  Union argues that lead plaintiffs dramatically altered the lawsuit when they expanded the class period approximately twenty-two months, and alleged new conduct, expanding the contracts at issue from four to sixteen.  Assuming that a dramatic alteration to the complaint warrants public notice to republished, it does not follow that lead plaintiffs' changes constitute such a dramatic alteration.

Regarding the class period expansion, comparing the two complaints qualitatively, the twenty-two-month expansion is not a dramatic alteration when considering the original class period was approximately sixty-two months.[23]  Moreover, the conduct in the amended consolidated complaint constitute "a clear continuation of the conduct" alleged in the initial consolidated complaint.[24]  The

---

[20] 15 U.S.C. § 78u-4(a)(3)(A).

[21] *In re Enron Corp.*, 206 F.R.D. at 439–40.

[22] *In re Leapfrog Enters., Inc. Sec. Litig.*, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005).

[23] *See Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 2020 WL 1181366, at *11 (D. Conn. Mar. 10, 2020).

[24] *Teva*, 2020 WL 1181366, at *8.

consolidated complaint includes alleged conduct that was thought at first to be reserved to four gas-fired fixed-price projects but was later discovered to perhaps be pervasive to projects throughout defendant Fluor's business units.  Both complaints also allege the same claims, violations of §§10(b) and 20(a) of the Securities Exchange Act, which relate to the same securities, Fluor's securities.[25]  Lastly, the Court notes that reopening the lead plaintiff process increases the risk that "appointment of lead counsel could be delayed indefinitely if new complaints alleging earlier [or later] starting dates for the class period" or new allegations are filed.[26]  Such risks, if realized, would substantially delay proceedings.

For these reasons, the Court declines to restart the lead plaintiff selection process.

## IV.

For the reasons stated above, the Court **GRANTS** Union's motion to intervene in this case.  The Court **DENIES** Union's motion to strike the lead plaintiffs' amended consolidated complaint.   The Court **GRANTS** the lead plaintiffs' motion to consolidate.  The Court **DISMISSES AS MOOT** the lead plaintiffs' motion to vacate the lead plaintiff motion deadline in Union's case and require Union to republish its public notice. The Court **DENIES** Union's motion to restart the lead plaintiff selection process.

Pursuant to Federal Rule of Civil Procedure 42(a), *Chun v. Fluor Corporation, et. al.*, Civil Action No. 3:18-CV-01338-X and *Union Asset Management Holding AG*

---

[25] *Teva*, 2020 WL 1181366, at *8, *10.

[26] *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).

12

*v. Fluor Corporation et. al.*, Civil Action No. 3:20-cv-00518 are hereby consolidated under *Chun v. Fluor Corporation, et. al.*, Civil Action No. 3:18-CV-01338-X for all purposes, including pretrial proceedings, trial, and appeal. The clerk of court shall administratively close 3:20-CV-00518-X for statistical purposes. Upon consolidation of these cases, the Court will dismiss as moot the pending lead plaintiff motions carried over from 3:20-CV-00518.

**IT IS SO ORDERED** this 26th day of May, 2020**.**

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE