UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLUOR CORPORATION, et al.,<br><br>Defendants. | § Civil Action No. 3:18-cv-01338-X<br>§<br>§ <u>CLASS ACTION</u><br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT OR, IN THE ALTERNATIVE, AMEND THE FIRST AMENDED CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD............................................................................................................4

III. ARGUMENT .........................................................................................................................5

    A. Every Factor the Court Is to Consider Weighs in Favor of Allowing Plaintiffs to Supplement or, in the Alternative, Amend the Complaint...................5

    B. The Unique Pleading Requirements Applicable to Securities Class Actions Support Allowing Plaintiffs to Supplement or Amend the Complaint ....................9

IV. CONCLUSION....................................................................................................................10

Cases\4826-0469-2175.v1-10/29/20

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Burns v. Exxon Corp.*,
   158 F.3d 336 (5th Cir. 1998) ..................................................................................................4

*Carson v. Polley*,
   689 F.2d 562 (5th Cir. 1982) ..................................................................................................7

*Chemetron Corp. v. Bus. Funds*,
   682 F.2d 1149 (5th Cir. 1982),
   *vacated on other grounds*, 460 U.S. 1007 (1983)...................................................................4

*DT Apartment Grp., LP v. CWCapital, LLC*,
   2012 WL 4740488 (N.D. Tex. Oct. 3, 2012)..............................................................4, 6, 8, 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ...........................................................................................7, 10

*English v. Gen. Elec. Co.*,
   765 F. Supp. 293 (E.D.N.C. 1991),
   *aff'd without op.*, 977 F.2d 572 (4th Cir. 1992).......................................................................7

*Entergy Miss., Inc. v. Marquette Transp. Co., L.L.C.*,
   742 F. App'x 800 (5th Cir. 2018) ............................................................................................5

*Foman v. Davis*,
   371 U.S. 178 (1962)................................................................................................................5

*Garcia v. Zale Corp.*,
   2006 WL 298156 (N.D. Tex. Feb. 1, 2006)............................................................................8

*Goldstein v. MCI WorldCom*,
   340 F.3d 238 (5th Cir. 2003) ................................................................................................10

*Grant v. Everest Reinsurance*,
   2020 WL 2527039 (W.D. Tex. May 18, 2020) ......................................................................6

*Haack v. Max Internet Commc'ns, Inc.*,
   2002 WL 511514 (N.D. Tex. Apr. 2, 2002) ...........................................................................9

*Hegwood v. Ross Stores, Inc.*,
   2006 WL 8437334 (N.D. Tex. June 26, 2006) .......................................................................5

*Hyde v. Hoffman-La Roche Inc.*,
   2008 WL 2923818 (N.D. Tex. July 30, 2008)........................................................................4

**Page**

*In re Akorn Sec. Litig.*,
    240 F. Supp. 3d 802 (N.D. Ill. 2017) ..................................................................................8

*In re ArthroCare Corp. Sec. Litig.*,
    726 F. Supp. 2d 696 (W.D. Tex. 2010) ................................................................................9

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    258 F. Supp. 2d 576 (S.D. Tex. 2003) ...............................................................................10

*In re Moody's Corp. Sec. Litig.*,
    599 F. Supp. 2d 493 (S.D.N.Y. 2009) ...............................................................................10

*In re Southmark Corp.*,
    88 F.3d 311 (5th Cir. 1996) .................................................................................................5

*Jebaco Inc. v. Harrah's Operating Co., Inc.*,
    587 F.3d 314 (5th Cir. 2009),
    *cert. denied*, __ U.S. __, 139 S. Ct. 942 (2019) .................................................................5

*Kaltman v. Key Energy Servs.*,
    447 F. Supp. 2d 648 (W.D. Tex. 2006) ................................................................................9

*Lovelace v. Software Spectrum*,
    78 F.3d 1015 (5th Cir. 1996) ...............................................................................................2

*Lowrey v. Tex. A & M Univ. Sys.*,
    117 F.3d 242 (5th Cir. 1997) .......................................................................................5, 7, 9

*Matrix Cap. Mgmt. Fund, L.P. v. BearingPoint, Inc.*,
    576 F.3d 172 (4th Cir. 2009) ............................................................................................7, 8

*Parmelee v. Santander Consumer USA Holdings, Inc.*,
    2018 WL 276338 (N.D. Tex. Jan. 3, 2018) .........................................................................9

*SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*,
    839 F.3d 422 (5th Cir. 2016) .....................................................................................5, 6, 10

*Shutze v. Fin. Comput. Software, L.P.*,
    2004 WL 2058507 (N.D. Tex. Sept. 14, 2004) ....................................................................8

*Smith v. EMC Corp.*,
    393 F.3d 590 (5th Cir. 2004) ...............................................................................................7

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000) ...............................................................................................8

**Page**

*Travis v. City of Grand Prairie*,
   2015 WL 13002069 (N.D. Tex. Aug. 6, 2015),
   *aff'd*, 654 F. App'x 161 (5th Cir. 2016) .................................................................................. 6

*Tucker v. Navarro Cnty. Sheriff*,
   1997 WL 279840 (N.D. Tex. May 21, 1997) ........................................................................ 7

*Washtenaw Cnty. Emps. Ret. Sys. v. Avid Tech., Inc.*,
   28 F. Supp. 3d 93 (D. Mass. 2014) ....................................................................................... 8

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 12(b)(6) ..................................................................................................................... 1, 8
   Rule 15 ................................................................................................................................... 1
   Rule 15(a) ..................................................................................................................... 4, 7, 9
   Rule 15(a)(2) ......................................................................................................................... 4
   Rule 15(d) ......................................................................................................................... 4, 9
   Rule 56 .................................................................................................................................. 8

Federal Rules of Evidence
   Rule 201(b) ........................................................................................................................... 2

**LEGISLATIVE HISTORY**

Private Securities Litigation Reform Act of 1995 ("PSLRA")
   Pub. L. No. 104-67, 109 Stat. 737 (1995) ......................................................................... 7, 10

Pursuant to Federal Rule of Civil Procedure 15, Lead Plaintiffs Wayne County Employees' Retirement System, the Town of Fairfield Employees' Retirement Plan, and the Town of Fairfield Police and Firemen's Retirement Plan (collectively, "Plaintiffs"), hereby move the Court for leave to supplement or, in the alternative, amend the First Amended Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") (ECF No. 90) to include factual allegations based on important events and developments disclosed after the filing of the Complaint that corroborate and enhance the Complaint's allegations relevant to the required elements of Plaintiffs' securities claims at issue on Defendants' pending Fed. R. Civ. P. 12(b)(6) motion. Plaintiffs do not anticipate any material impact on the ongoing briefing of that motion if this request is granted.

## I.      INTRODUCTION

This is a securities class action brought on behalf of all persons who purchased or otherwise acquired Fluor Corporation ("Fluor" or the "Company") common stock between August 14, 2013 and February 14, 2020, inclusive (the "Class Period"), against Fluor and several of its senior executives (collectively, "Defendants") for issuing materially false and misleading statements and omissions in violation of the Securities Exchange Act of 1934 ("Exchange Act"). The operative pleading in this case – the Complaint – was filed on April 2, 2020. Defendants filed their motion to dismiss the Complaint on July 1, 2020 (ECF No. 112), which is currently pending before the Court.

The Complaint alleges, *inter alia*, that Defendants misrepresented that Fluor's internal controls were effective and that the deleterious impacts of its underbidding practices were limited to only certain Gas-Fired Plants. *See, e.g.*, ¶¶13, 141-143.[1] Defendants also misstated Fluor's quarterly and annual financial statements by overstating revenue and understating costs on its fixed-price contracts. *See, e.g.*, ¶¶144-168. Fluor later revealed that its internal controls were inadequate

---

[1]      Unless otherwise noted, all defined terms herein shall have the same meanings as ascribed in the Complaint and all paragraph references ("¶__" and "¶¶__") herein are to the numbered paragraphs of the Complaint.

- 1 -

and that the scope of the problem was far broader and infected its whole fixed-price portfolio, requiring massive charges and write-downs and prompting Fluor to exit the fixed-price business altogether. *See, e.g.*, ¶¶14, 17, 265-288. These revelations prompted the U.S. Securities and Exchange Commission ("SEC") to launch an investigation, which is ongoing. *See, e.g.*, ¶¶289-293. These disclosures also revealed Defendants' fraud, thereby removing artificial inflation from Fluor's stock price and damaging Plaintiffs and the Class members.

One of the corrective disclosures alleged in this case occurred in August 2019, when Fluor released its Q2 2019 financial results and announced that it was recording a $714 million charge related to 3 of the Gas-Fired Plants and 13 other fixed-price projects at issue in this litigation. ¶282. Then, in February 2020, Fluor announced that the SEC was investigating "the Company's past accounting and financial reporting" and the "projects for which the Company recorded charges in the second quarter of 2019." ¶212. Fluor also announced that it was conducting an internal investigation into "its prior period reporting and related control environment." *Id.* Since the Complaint was filed, and after Defendants moved to dismiss it, however, the Company disclosed three major developments directly related to the Complaint's allegations.

First, on May 8, 2020, Fluor announced that, in addition to the SEC investigation, the Company was also being investigated by the U.S. Department of Justice ("DOJ") for the charges taken in Q2 2019. App. 2.[2]

Second, on September 8, 2020, Fluor announced that its financial statements for the years 2016, 2017, 2018, and every quarterly financial report for 2018 and 2019, "should not be relied upon

---

[2] All citations to "App." refer to Plaintiffs' Appendix of Exhibits in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed concurrently herewith. As further discussed in Plaintiffs' Request for Judicial Notice of Documents Relevant to Plaintiffs' Opposition to Defendants' Motion to Dismiss, also filed concurrently herewith, the Court may properly consider these SEC filings pursuant to the doctrine of judicial notice. *See* Fed. R. Evid. 201(b); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996).

because the Company has identified material errors contained in those financial statements." App. 6. Fluor also announced on September 8, 2020 that it expected to issue its restated financials and admit to material weakness in internal controls over financial reporting on or before September 30, 2020. *Id.* As a result of these significant developments, Plaintiffs promptly filed a motion to extend the time to respond to Defendants' motion to dismiss or to amend the Complaint to include the details of the forthcoming admissions that would be included in Fluor's restated financials. ECF Nos. 117-118. The Court extended for 30 days Plaintiffs' deadline to respond to Defendants' motion to dismiss. ECF No. 123.

Third, on September 25, 2020, Fluor issued its 2019 annual report on Form 10-K, which restated its financial statements for the three years ended December 31, 2016, 2017, and 2018, and each quarterly financial statement for 2018 and 2019 (the "Restatement"). App. 10-152. In contrast to Defendants' Class Period statements, the Restatement admitted that: (1) Fluor "pursued and [was] awarded a larger percentage of high-risk lump-sum contracts which resulted in the company assuming a higher risk profile" (App. 14); (2) there were "material weaknesses" in internal controls (App. 15, 28, 63); (3) Fluor did not comply with revenue recognition rules, resulting in "incorrect recognition of revenue and projected losses" (App. 63); and (4) Fluor's financial statements were "materially incorrect" when issued and "should no longer be relied upon" due to accounting errors that led to "overstate[d] revenue" and "understate[d] cost[s]" on fixed-price projects between 2016 and September 30, 2019 (App. 14-15).

In light of these significant and relevant factual developments, which strongly corroborate and enhance the Complaint's existing allegations, Plaintiffs respectfully request that the Court permit Plaintiffs to supplement (or alternatively, to amend) the Complaint to include these allegations in the operative pleading so that Defendants' dispositive motion may be considered on a complete record. Plaintiffs have attached to this motion a proposed Supplement to First Amended Consolidated

Complaint for Violation of the Federal Securities Laws (the "Supplement") (**Exhibit A**), an alternatively proposed Second Amended Consolidated Complaint for Violation of the Federal Securities Laws (the "Second Amended Complaint") (**Exhibit B**) that integrates the substance of the Supplement, and a redline version of the Proposed Second Amended Complaint showing the proposed changes compared to the Complaint (**Exhibit C**).[3]

## II.   LEGAL STANDARD

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(d)). "The purpose of the Rule 'is to promote as complete an adjudication of the dispute between the parties as is possible.'" *DT Apartment Grp., LP v. CWCapital, LLC*, 2012 WL 4740488, at *2 (N.D. Tex. Oct. 3, 2012) (citation omitted). Similarly, under Rule 15(a)(2), the court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Whether exercising its discretion to grant a motion to supplement under Rule 15(d) or a motion to amend under Rule 15(a), "the court considers the same factors." *DT Apartment Grp.*, 2012 WL 4740488, at *2 (citing *Chemetron Corp. v. Bus. Funds*, 682 F.2d 1149, 1193-94 (5th Cir. 1982), *vacated on other grounds*, 460 U.S. 1007 (1983)); *Hyde v. Hoffman-La Roche Inc.*, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008) ("Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)."). The Fifth Circuit has identified "'five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4)

---

[3]   The only change in the proposed Second Amended Complaint is the insertion of the substance of the proposed Supplement.

undue prejudice to the opposing party, and 5) futility of the amendment.'" *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (citation omitted).  Because there is a "'"'bias in favor of granting leave to amend'"'" in this Circuit, "'[a] district court must possess a "substantial reason" to deny [such] a request'" *Id.* (citations omitted)

### III. ARGUMENT

#### A. Every Factor the Court Is to Consider Weighs in Favor of Allowing Plaintiffs to Supplement or, in the Alternative, Amend the Complaint

As the Fifth Circuit has recognized, "[t]he Supreme Court has explicitly disapproved of denying leave to amend without adequate justification." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Leave to supplement or amend a complaint "should be granted 'unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.'" *Entergy Miss., Inc. v. Marquette Transp. Co., L.L.C.*, 742 F. App'x 800, 803 (5th Cir. 2018) (quoting *Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009)), *cert. denied*, __ U.S. __, 139 S. Ct. 942 (2019).  Here, ***none*** of the guiding factors raises a "'"substantial reason" to deny [the] request.'" *SGIC Strategic Glob.*, 839 F.3d at 428 (citation omitted).

***Timeliness***.  This motion is timely because "the facts underlying the amended [or supplemented] complaint" – *i.e.*, Fluor's restatement of three years (2016, 2017, and 2018) of annual financial reports and every quarterly financial report for 2018 and 2019 – did not occur until September 25, 2020.  *See Hegwood v. Ross Stores, Inc.*, 2006 WL 8437334, at *2 (N.D. Tex. June 26, 2006) (citing *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996)).  There can be no undue delay where, as here, Plaintiffs did not have "the information which forms the basis for the proposed amendment [or supplement] . . . at the time they filed their complaint." *See id.* at *3.  Further, Plaintiffs promptly informed the Court of their intention to amend the complaint only ***three days*** after Defendants announced that they would be restating their financials. *See* ECF Nos. 117-118; *see*

- 5 -

*also Grant v. Everest Reinsurance*, 2020 WL 2527039, at *3 (W.D. Tex. May 18, 2020) (granting plaintiffs' motion for leave to file third amended complaint while defendants' motion to dismiss was pending "to incorporate new facts pertaining to [defendant], which were produced to [p]laintiffs just one month prior to their motion for leave").  Plaintiffs' motion is timely.

***No Bad Faith or Dilatory Motive***.  Likewise, the need to supplement or amend the Complaint has arisen from subsequent, post-Complaint disclosures on the part of **Defendants**, not from Plaintiffs' bad faith or dilatory motive.  *See, e.g.*, *DT Apartment Grp.*, 2012 WL 4740488, at *3 ("Examples of behavior that qualifies as bad faith include supplementing a pleading in order to destroy federal jurisdiction or intentionally delaying filing a supplement despite knowing all the relevant facts."); *Travis v. City of Grand Prairie*, 2015 WL 13002069, at *7 (N.D. Tex. Aug. 6, 2015) (artfully drafted complaint to omit facts, as opposed to alleging new facts, is bad faith), *aff'd*, 654 F. App'x 161 (5th Cir. 2016).

***No Repeated Failures***.  Plaintiffs have not repeatedly failed to amend their pleading. Plaintiffs filed a Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 47) following their appointment as Lead Plaintiffs, which was dismissed without prejudice on March 5, 2020 (ECF No. 89).  Thereafter, as directed by the Court, within 28 days, Plaintiffs filed the First Amended Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 90). Defendants have moved to dismiss and the parties are now engaged in active briefing.  Thus, the Court has assessed the sufficiency of only ***one*** complaint in this action.  To be sure, Plaintiffs have not "'repeated[ly] fail[ed] to cure deficiencies by previous amendments.'"  *SGIC Strategic Glob.*, 839 F.3d at 428 (citation omitted).  Indeed, Plaintiffs are engaged in their first attempt to do so right now.

As a result, Plaintiffs should be permitted to supplement (or, in the alternative, amend) the Complaint to include the recently revealed factual developments, before the Court rules on the

sufficiency of the pleaded facts in this case. *See Tucker v. Navarro Cnty. Sheriff*, 1997 WL 279840, at *2 (N.D. Tex. May 21, 1997) (granting plaintiff's motion for leave to amend complaint to "supplement his factual allegations," over defendants' objection that he "'ha[d] already amended his complaint three times'") (citation omitted) (citing *English v. Gen. Elec. Co.*, 765 F. Supp. 293, 297 (E.D.N.C. 1991) ("no useful purpose" is served by denying motion for leave to amend complaint which seeks to add factual allegations), *aff'd without op.*, 977 F.2d 572 (4th Cir. 1992)); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (leave to amend third complaint was not "'three bites at the apple'" because the third complaint "included additional theories not previously alleged" and plaintiffs proffered that "additional evidence was forthcoming").

   ***No Prejudice to Defendants***.  Defendants would not be prejudiced by Plaintiffs' supplementation or amendment.  This Circuit holds that a defendant is prejudiced when it has to "reopen discovery and prepare additional theories of the case." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004).  Here, discovery has not begun and the proposed amended complaint merely adds new facts relevant to the already existing claims and theories that the Court will evaluate during the current, ongoing round of motion to dismiss briefing. *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (reversing the district court for not allowing a third amended complaint when plaintiff discovered "new facts" after filing his second amended complaint and no pre-trial order had been filed or pre-trial conference had been held); *Matrix Cap. Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 195 (4th Cir. 2009) (finding no prejudice when "the amendment would occur while discovery is stayed pursuant to the PSLRA").  In addition, Defendants cannot be prejudiced by the proposed supplement or amendment because the facts from the Restatement stem from the precise conduct alleged in the Complaint, which was known to Defendants and ultimately revealed by them. *Lowrey*, 117 F.3d at 246 ("[T]he touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of

- 7 -

the complaint."); *Shutze v. Fin. Comput. Software, L.P.*, 2004 WL 2058507, at *1 (N.D. Tex. Sept. 14, 2004) (no prejudice where the amended complaint "is not a complete surprise to Defendant; it merely alters alleged facts: the very same facts upon which Defendant bases its Rule 12(b)(6) Motion"). In short, "there is no basis to find that defendants would be prejudiced by deciding the merits of this claim in the context of a motion under Rule 12(b)(6)." *See DT Apartment Grp.*, 2012 WL 4740488, at *3.

*Futility*. Lastly, the proposed supplement or amendment is not futile. The question for the Court with futility "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In other words, a district court must assess the proposed amended complaint itself under the Rule 12(b)(6) standard. *Id.* For this very reason, "[t]his court has frequently noted that 'the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer.'" *See DT Apartment Grp.*, 2012 WL 4740488, at *2 (quoting *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006)). The Court should do so here, as Defendants' motion to dismiss is still pending, with briefing still ongoing.

But even if the Court were to address futility in the context of this motion, Plaintiffs' additional allegations "'changed the analysis'" that the Court must conduct, and therefore the proposed supplement or amendment is not futile. *Matrix Cap.*, 576 F.3d at 195 (citation omitted). Indeed, the disclosure of an ongoing DOJ investigation, in addition to the SEC's investigation, further contributes to the challenged element of scienter. *See In re Akorn Sec. Litig.*, 240 F. Supp. 3d 802, 820 (N.D. Ill. 2017) ("That the SEC and DOJ initiated investigations provides additional support for finding that scienter has been adequately pleaded."); *Washtenaw Cnty. Emps. Ret. Sys. v. Avid Tech., Inc.*, 28 F. Supp. 3d 93, 115 (D. Mass. 2014) ("[G]overnment investigation[s] can be

- 8 -

seen as one more piece of the puzzle, a series of circumstances that add up to a strong inference of scienter."). And an "announcement of the need to restate [a company's] earnings constitutes an admission that its public filings are false." *Kaltman v. Key Energy Servs.*, 447 F. Supp. 2d 648, 658 (W.D. Tex. 2006); *In re ArthroCare Corp. Sec. Litig.*, 726 F. Supp. 2d 696, 710 (W.D. Tex. 2010) ("[A] [r]estatement may show the falsity of prior information, even non-financial information."). Similarly, "when the 'context of the misapplication [of accounting principles] or restatement are taken into account,' such errors in accounting contribute to a strong inference of scienter." *Parmelee v. Santander Consumer USA Holdings, Inc.*, 2018 WL 276338, at *4 (N.D. Tex. Jan. 3, 2018); *see also Haack v. Max Internet Commc'ns, Inc.*, 2002 WL 511514, at *7 (N.D. Tex. Apr. 2, 2002) ("overstatement of significant revenues can support the claim that the defendants acted in a severely reckless manner"). Indeed, the magnitude of a restatement is a factor that adds to a strong inference of scienter. *See Kaltman*, 447 F. Supp. 2d at 664 ("magnitude of the Restatement" probative of scienter).

Because every factor governing supplementation or amendment supports Plaintiffs' request, Plaintiffs respectfully request that the Court permit Plaintiffs to supplement or, alternatively, amend the Complaint.

### B. The Unique Pleading Requirements Applicable to Securities Class Actions Support Allowing Plaintiffs to Supplement or Amend the Complaint

The purpose of Rule 15(a) is to afford a plaintiff the "'opportunity to test his claim on the merits.'" *Lowrey*, 117 F.3d at 245 (citation omitted). Similarly, "[t]he purpose of [Rule 15(d)] 'is to promote as complete an adjudication of the dispute between the parties as is possible.'" *DT Apartment Grp.*, 2012 WL 4740488, at *2 (citation omitted). Given the unique pleading requirements applicable to private securities fraud claims, leave to supplement or amend is appropriate to allow a plaintiff to develop sufficient factual support for its claims at the pleading

- 9 -

stage. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 625 (S.D. Tex. 2003) (the amendment process "in a class action governed by the PSLRA is distinguishable from that in an ordinary single-suit action"); *Eminence Cap.*, 316 F.3d at 1052 (the principle of freely giving leave to amend "is especially important in the context of the PSLRA"); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 518 (S.D.N.Y. 2009) ("leave to amend should be granted liberally in cases alleging securities fraud"); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 258 n.7 (5th Cir. 2003) (rejecting "a blanket rule disallowing the consideration of newly discovered evidence in the context of a PSLRA case").

In light of this Circuit's explicit "'"bias in favor of granting leave to amend"'" and the fact that a district court must "'possess a "substantial reason" to deny a request'" (*see SGIC Strategic Glob.*, 839 F.3d at 428 (citation omitted)), Plaintiffs respectfully request that the Court permit Plaintiffs to supplement, or amend, the Complaint now, while the additional facts and resulting allegations can be considered as part of the Court's evaluation of the operative pleading and Defendants' pending motion to dismiss.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to supplement or, in the alternative, amend the Complaint.

DATED: October 29, 2020                      Respectfully submitted,

KENDALL LAW GROUP, PLLC


                                                          */s/ Joe Kendall*
                                                         JOE KENDALL

- 10 -

JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Wayne County Employees' Retirement System

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARRYL J. ALVARADO
KEVIN S. SCIARANI
J. MARCO JANOSKI GRAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
ksciarani@rgrdlaw.com
mjanoski@rgrdlaw.com

POMERANTZ LLP
JEREMY A. LIEBERMAN
MATTHEW L. TUCCILLO
J. ALEXANDER HOOD II
JENNIFER BANNER SOBERS
600 Third Avenue, 20th Floor
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
ahood@pomlaw.com
jsobers@pomlaw.com

POMERANTZ LLP
PATRICK V. DAHLSTROM
Ten South LaSalle Street, Suite 3505
Chicago, IL  60603
Telephone:  312/377-1181
312/377-1184 (fax)
pdahlstrom@pomlaw.com

Lead Counsel for Lead Plaintiffs

- 11 -

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Wayne County Employees' Retirement System

THE BRISCOE LAW FIRM, PLLC
WILLIE C. BRISCOE (Texas Bar No. 24001788)
3131 McKinney Avenue, Suite 600
Dallas, TX  75204
Telephone:  214/643-6011
281/254-7789 (fax)
wbriscoe@thebriscoelawfirm.com

Local Counsel for the Town of Fairfield Employees' Retirement Plan and the Town of Fairfield Police and Firemen's Retirement Plan

## CERTIFICATE OF SERVICE

This is to certify that on October 29, 2020, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/* Joe Kendall
JOE KENDALL
