UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:18-cv-01338-X |
| vs. | § § | <u>CLASS ACTION</u> |
| FLUOR CORPORATION, et al., | § § | |
| Defendants. | § § § § | |

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND ELIGIBLE FOR JUDICIAL NOTICE REGARDING DEFENDANTS' MOTION TO DISMISS**

In their Response to Defendants' Request for Consideration of Documents ("Response"), Plaintiffs do not object to the consideration of 13 of the 15 documents in Defendants' Appendix of Exhibits in Support of Their Motion to Dismiss ("Appendix").[1] Plaintiffs, however, do object to two documents: Exhibit 7 and Exhibit 10.

**I.    Unopposed Exhibits (Nos. 1–6, 8–9, 11–15)**

All of the unopposed exhibits were incorporated by reference into the Complaint. *See* Request (Dkt. No. 114) at 4–5 (providing a chart noting where each document is incorporated by reference into the Complaint). Documents incorporated by reference are "part of the pleadings" and may be considered in their entirety on a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228,

---

[1]   All defined terms have the same meaning given in Defendants' Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice (the "Request").

251 (5th Cir. 2009). Defendants are permitted to rely on those documents to "test Plaintiffs' allegations." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 883 (S.D. Tex. 2001).

For the convenience of the Court, Defendants submitted excerpts of the incorporated documents that were particularly lengthy. To the extent a full copy of any document would be more helpful, Defendants would be happy to provide the full copy.

## II.     April 2014 Letter to Mitsubishi (Exhibit 7)

Contrary to Plaintiffs' argument, the April 2014 letter to Mitsubishi (Exhibit 7) is incorporated by reference into the Complaint and appropriate for the Court to consider. *See* FACC ¶ 188. Plaintiffs expressly reference the letter and purport to rely on its contents to show scienter. *See id.* ("Fluor warned Mitsubishi by letter that a claim for liquidated damages would begin accruing from January 11, 2014."). The Court is entitled to see the entire content of this letter. *See BMC Software*, 183 F. Supp. 2d at 882 ("The Court may also consider . . . the full text of documents that are partially quoted or referred to in the complaint."). Plaintiffs cannot avoid this result by pointing to a different document for the purpose of incorporating the substance of the letter into the Complaint. *See id.* at 883–84.

## III.    November 2014 Investor Day Conference Transcript (Exhibit 10)

As to the November 13, 2014 Corporation Investor Day Conference, Plaintiffs argue that the transcript should be ignored because this transcript looks different than some of the earnings call transcripts and was excerpted instead of being produced in full. Response (Dkt. No. 128) at 5. Plaintiffs cite no case law to support their argument. In any event, Plaintiffs' "authentication" argument rings hollow for several reasons. First, Defendants submitted a sworn declaration that "Exhibit 10" contains "excerpts of a true and correct copy of the transcript of the Fluor Corporation Investor Day Conference held on November 13, 2014." *See* Appendix (Dkt. No. 113) at App. 006.

Second, Plaintiffs quote the transcript in their Complaint and presumably have a copy of it to compare against Exhibit 10. *See, e.g.*, FACC ¶¶ 96–97. If there were any meaningful inconsistencies between Plaintiffs' copy and Exhibit 10, Plaintiffs could have offered their own copy as an exhibit to dispute the content of Exhibit 10. Third, contrary to Plaintiffs' suggestion, the Corporation Investor Day Conference is not an earnings call. So the fact that this transcript looks different than the earnings call transcripts is not surprising. Fourth, as with Defendants' other exhibits, Defendants submitted excerpts of the lengthy document for the convenience of the Court. But Defendants would be happy to provide a full copy of any document that the Court may find helpful in its consideration of the present matter.[2]

For the foregoing reasons, Defendants respectfully request that the Court consider the exhibits cited in Defendants' Motion to Dismiss.

---

[2] In any event, the Court need not determine whether either of the objected-to documents are incorporated by reference for Defendants' Motion to Dismiss to be granted. Defendants refer to Exhibits 7 and 10 in their Motion only for additional context and support, but never for the exclusive basis of any argument. *See* Mot. at 15, 19, 23, 25.

DATED:  December 14, 2020

Respectfully submitted,

/s/ *Michael Raiff*
Robert C. Walters
  Texas Bar No. 20820300
Michael L. Raiff
  Texas Bar No. 00784803
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: 214.698.3350
Facsimile: 214.571.2927
RWalters@gibsondunn.com
MRaiff@gibsondunn.com

Brian M. Lutz (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone: 415.393.8200
Facsimile: 415.374.8474
BLutz@gibsondunn.com

Lissa M. Percopo (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202.887.3770
Facsimile: 202.530.9528
LPercopo@gibsondunn.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of December, 2020, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

                                    /s/ *Michael Raiff*
                                     Michael L. Raiff