**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § | Civil Action No. 3:18-cv-01338-X |
| | § | |
| vs. | § | <u>CLASS ACTION</u> |
| | § | |
| FLUOR CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT OR**
**AMEND THE FIRST AMENDED CONSOLIDATED COMPLAINT,**
**<u>AND BRIEF IN SUPPORT</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY ........................................................................................... 1

ARGUMENT ............................................................................................................................. 4

    I.       Plaintiffs' Motion to Amend Should Be Denied....................................................... 4

           A.     Plaintiffs Provide No Good Cause for the Court to Reverse Its Position That Their Current Complaint Was Their Last Chance to Replead. ..................................................................................................... 5

           B.     Plaintiffs Have Repeatedly Failed to Cure the Deficiencies in Their Pleadings. .................................................................................................... 6

           C.     Amendment Would Unduly Prejudice Defendants..................................... 8

           D.     Plaintiffs Have Engaged in Undue Delay. .................................................. 9

           E.     Plaintiffs' Proposed Amendment is Futile. ............................................... 10

    II.      Plaintiffs' Motion to Supplement Under Rule 15(d) Should Be Denied. ............. 13

CONCLUSION........................................................................................................................ 14

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
 291 F.3d 336 (5th Cir. 2002) .................................................7

*Beltran v. United States*,
 No. EP-18-cv-305-KC, 2019 WL 9094566 (W.D. Tex. Aug. 7, 2019)..................................14

*U.S. ex rel. Bias v. Tangipahoa Parish Sch. Bd.*,
 816 F.3d 315 (5th Cir. 2016) ...........................................5

*Burns v. Exxon Corp.*,
 158 F.3d 336 (5th Cir. 1998) .................................................13

*DeLoach v. Woodley*,
 405 F.2d 496 (5th Cir. 1968) .................................................10

*Fin. Acquisition Partners LP v. Blackwell*,
 440 F.3d 278 (5th Cir. 2006) .................................................7

*Gregory v. Mitchell*,
 634 F.2d 199 (5th Cir. 1981) .................................................9

*Haggard v. Bank of Ozarks, Inc.*,
 668 F.3d 196 (5th Cir. 2012) .................................................13

*Hemingway v. Vessel Star Savannah*,
 200 F.R.D. 572 (E.D. Tex. 2001)...........................................9

*Hunton v. Guardian Life Ins. Co.*,
 243 F. Supp. 2d 686 (S.D. Tex. 2001), *aff'd*,
 71 F. App'x 441 (5th Cir. 2003) .................................................10

*Hyde v. Hoffman-La Roche Inc.*,
 No. 3:04-cv-1473-B, 2008 WL 2923818 (N.D. Tex. Jul. 30, 2008).........................................13

*In re Key Energy Servs., Inc. Sec. Litig.*,
 166 F. Supp. 3d 822 (S.D. Tex. 2016) .................................................11

*Kouzbari v. Health Acquisition Co.*,
 No. 3:18-cv-0126-D, 2018 WL 6514766 (N.D. Tex. Dec. 11, 2018).........................................5

*Lewis v. Knutson*,
 699 F.2d 230 (5th Cir. 1983) .................................................14

**TABLE OF AUTHORITIES**
(*continued*)

Page(s)

*Little v. Liquid Air Corp.*,
  952 F.2d 841 (5th Cir. 1992) ................................................................4

*Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
  810 F.3d 951 (5th Cir. 2016) ..............................................................11

*Lozano v. Ocwen Fed. Bank, FSB*,
  489 F.3d 636 (5th Cir. 2007) ................................................................6

*Mangwiro v. Napolitano*,
  939 F. Supp. 2d 639 (N.D. Tex. 2013), *aff'd sub. Nom*
  *Mangwiro v. Johnson*, 554 F. App'x. 255 (5th Cir. 2014) ..................14

*McCrimmon v. Wells Fargo Bank, N.A.*,
  516 F. App'x 372 (5th Cir. 2013) ..........................................................6

*Mornes v. Valdez*,
  414 F. Supp. 3d 888 (N.D. Tex. 2019) .................................................10

*Pipefitters Local No. 636 Defined Ben. Plan v. Zale Corp*,
  499 F. App'x 345 (5th Cir. 2012) .....................................................3, 11

*Price v. Pinnacle Brands, Inc.*,
  138 F.3d 602 (5th Cir. 1998) ................................................................8

*Reyes v. Topgolf Int'l, Inc.*,
  No. 3:17-cv-0883-L, 2018 WL 704734 (N.D. Tex. Feb. 5, 2018) .........10

*S & W Enters., LLC v. Southtrust Bank of Ala.*,
  315 F.3d 533 (5th Cir. 2003) .............................................................4, 5

*Shastry v. U.S. Bank Nat'l Ass'n*,
  No. 3:16-cv-3335-G, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018) .....8

*Smith v. EMC Corp.*,
  393 F.3d 590 (5th Cir. 2004) ................................................................4

*Southmark Corp. v. Schulte, Roth & Zabel*,
  88 F.3d 311 (5th Cir. 1996) ................................................................10

*Stripling v. Jordan Prod. Co.*,
  234 F.3d 863 (5th Cir. 2000) ..............................................................10

# TABLE OF AUTHORITIES
**(*continued*)**

Page(s)

*Charles L.M. ex rel. Susan R.M. v. Ne. Indep. Sch. Dist.*,
    995 F.2d 222 (5th Cir. 1993) ...................................................................13

*Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*,
    79 F.3d 480 (5th Cir. 1996) .......................................................................8

*United States v. GSD&M Idea City LLC*,
    No. 3:11-cv-1154-O, 2013 WL 11310484 (N.D. Tex. Sept. 6, 2013).....................13

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
    336 F.3d 375 (5th Cir. 2003) .....................................................................8

*WTW Inv. Co. v. Jefferies*,
    No. 3:17-cv-00332-XLLC, 2020 WL 406941 (N.D. Tex. Jan. 24, 2020) ................4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971).................................................................................4

**Rules**

Fed. R. Civ. P. 15(a)(2).......................................................................................4

Defendants Fluor Corp. ("Fluor"), David T. Seaton, Biggs C. Porter, Bruce A. Stanski, Matthew McSorley, Gary G. Smalley, Carlos M. Hernandez, D. Michael Steuert, and Robin K. Chopra (collectively, "Defendants") respectfully oppose Plaintiffs' Motion to Supplement or, in the Alternative, Amend the First Amended Consolidated Complaint for Violation of the Federal Securities Laws (Dkt. No. 130) ("Motion to Amend" or "Motion").

## INTRODUCTION AND SUMMARY

This putative securities class action has been pending since May 2018 and has already been dismissed once. *See* Dkt. No. 89 ("Order"). Now, more than nine months after the Court afforded Plaintiffs one "final opportunity" to cure the defects in their complaint and allege their best case, and more than five months after Defendants moved to dismiss that final complaint (Dkt. No. 112), Plaintiffs seek the Court's leave to supplement or amend their complaint yet again. Plaintiffs have already been given ample opportunity to plead their case, and this last-ditch attempt for another bite at the apple should be denied.

*First*, Plaintiffs have failed to meet their burden of demonstrating that there is good cause for the Court to reverse its clear position that Plaintiffs would not be given additional chances to fix the defects in their case. Plaintiffs already have filed three complaints over the past two-and-a-half years (two of which were filed by Lead Plaintiffs and Lead Counsel after their appointment). *See* Dkt. Nos. 1, 47, and 90. In its March 5, 2020 Order dismissing Plaintiffs' last complaint, the Court was clear that it was giving Plaintiffs one "final opportunity" to replead by April 2, 2020. *See* Order at 7, 9. Plaintiffs took advantage of that opportunity and filed their amended pleading. *See* Dkt. No. 90 ("Amended Complaint"). And in September 2020, when Plaintiffs sought an extension of time to respond to Defendants' motion to dismiss *or* seek leave to amend, the Court "remind[ed] the lead plaintiffs of its prior position: that the lead plaintiffs' current complaint is

their final one." Dkt. No. 123.  The Court was unambiguous that it "d[id] not expect its position to change," *id.*, and Plaintiffs have provided no valid reason that it should.

*Second*, Plaintiffs put forth their best case eight months ago, and it was no better than the complaint that was already dismissed.  Plaintiffs offer no basis for why they should get yet another opportunity to amend their claims.  In its March 2020 dismissal Order, the Court explained that Plaintiffs had failed to adequately allege the falsity of Fluor's statements and also warned that the same deficiencies the Court had identified with regard to falsity would need to be cured in order to prevent future dismissal on scienter grounds.  Order at 5, 8.  However, instead of curing the deficiencies identified by the Court about the four Power Projects that were originally at issue in the case, Plaintiffs simply chose to expand their theory of liability by adding new, but similarly unsubstantiated, allegations about different Fluor projects, *compare* Dkt. No. 47 ¶¶ 33–77 *with* Dkt. No. 90 ¶¶ 51–74, and to encompass Defendants' prior statements about Fluor's controls and revenue recognition practices, *see* Dkt. No. 90 ¶¶ 141–74;  *see also* Dkt. No. 112 at 14–16.  Plaintiffs' recalcitrance should not be rewarded.  Because Plaintiffs have already filed hundreds of pages of pleadings with this Court, and have shown that they cannot fix the issues identified in their prior complaints, their request to try again (for a fourth time) should be denied.

*Third*, Defendants would be unduly prejudiced by further amendment.  Defendants have expended substantial time and resources responding to Plaintiffs' complaints and litigating this action over the past two-and-a-half years.  On July 1, 2020, Defendants timely filed their 50-page motion to dismiss the Amended Complaint, and Defendants' Reply in further support of that motion is being filed contemporaneously herewith (the "Reply").  Another round of motion to dismiss briefing would be unnecessarily burdensome, and it would further delay Defendants' ability to resolve this action and put Plaintiffs' meritless accusations of fraud behind them.

*Fourth*, Plaintiffs unduly delayed bringing some of their proposed amendments to the Court's attention. While some of the information referenced in Plaintiffs' proposed amendment is relatively recent, other information they seek to incorporate was publicly available well before Defendants filed their pending motion to dismiss. Most notably, one of the developments that Plaintiffs argue warrants amendment is Fluor's announcement of a DOJ investigation in early-May 2020—nearly two full months before Defendants' motion to dismiss was filed. Plaintiffs' decision to sit idly for months after this purportedly relevant information became available is just one more factor that weighs against permitting amendment now.

*Finally*, and perhaps most importantly, it would be futile to allow Plaintiffs to amend their Complaint. Nothing in the proposed amendment will enable this action to survive a motion to dismiss, and Plaintiffs have already presented arguments based on the same allegations they seek to add via the amendment in their Opposition to Defendants' pending motion to dismiss (*see* Dkt. No. 126 at 1, 3–4, 8, 13, 18, 25, 29–31, 33, 42–44, 46). Plaintiffs primarily seek to add allegations regarding Fluor's recently-issued financial restatement (the "Restatement"). But the Restatement does not provide any new information that supports Plaintiffs' theory of the case, and it cannot salvage their defective claims. Fifth Circuit law is clear that a restatement does not allow for an inference of scienter. *See* Reply at 13–16; *see also Pipefitters Local No. 636 Defined Ben. Plan v. Zale Corp*, 499 F. App'x 345, 350 (5th Cir. 2012). Instead of "corroborat[ing]" their claims—as Plaintiffs suggest—the Restatement actually undermines them. *See* Reply at 2–3, 24–25 (explaining that discovery of isolated control issues and financial errors following extensive investigation of Fluor's business undermines Plaintiffs' theory of a systematic fraud).

For all of these reasons, Plaintiffs' motion to amend or supplement their Complaint should be denied.[1]

## ARGUMENT

### I.    Plaintiffs' Motion to Amend Should Be Denied.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  And while Rule 15(a) states "that courts 'should freely give leave when justice so requires,'" as this Court has explained, "leave to amend 'is by no means automatic.'" *WTW Inv. Co. v. Jefferies*, No. 3:17-cv-00332-XLLC, 2020 WL 406941, *1 (N.D. Tex. Jan. 24, 2020) (Starr, J.) (quoting Fed. R. Civ. P. 15(a)(2) and *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992)).  When evaluating whether to grant leave to amend a complaint, the Court considers factors including: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).  While "[f]inding any one of these factors is enough for the district court to deny a motion for leave to amend," *id.*, here, several of these factors weigh heavily against allowing Plaintiffs to further amend their complaint.[2]

---

[1]  Despite framing their motion as one to supplement, or, in the alternative, amend, Plaintiffs' brief largely presents an argument in support of a motion to amend—and primarily relies on authorities to that end.  And while the standards for supplementing and amending a complaint may have some similarities, Plaintiffs are incorrect to suggest they are identical.  *Cf.* Motion at 4–5 (Dkt. No. 130–2).  Because the standard for amendment is the more liberal of the two requests, Defendants' response will address that request first.

[2]  Moreover, in the analogous context of a plaintiff seeking to amend after a scheduling order's deadline for amendment has passed, any liberal policies favoring the amendment of pleadings do not apply.  *See S & W Enters., LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).  Rather, amendment is only allowed upon an affirmative showing of "good cause."  *Id.* at 535–36 ("Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a

4

### A.   Plaintiffs Provide No Good Cause for the Court to Reverse Its Position That Their Current Complaint Was Their Last Chance to Replead.

In its March 5, 2020 Order, the Court made clear that Plaintiffs would be given one "final opportunity" to replead their case.  Order at 7.  And on September 24, 2020, the Court "remind[ed] the lead plaintiffs of its prior position: that the lead plaintiffs' current complaint is their final one," noting that "[t]he Court does not expect its position to change."  Dkt. No. 123.  Despite the Court confirming several times that this case will be decided based on the Amended Complaint currently before it, however, Plaintiffs seek yet another opportunity to amend their pleading.  Nothing in Plaintiffs' Motion—which was filed nearly seven months after the deadline set by the Court for their "final opportunity" to replead, and almost four months after Defendants filed their second motion to dismiss—warrants the Court changing course.

Indeed, Plaintiffs' own filings in this matter appear to concede that amendment is unnecessary.  Plaintiffs only claim that the events at issue in their proposed amendment "corroborate and enhance" the Amended Complaint's allegations; they do not claim that the new allegations are central to their case.  *See* Motion at 1 (Dkt. No. 130-2).  Moreover, Plaintiffs included the same subject matter at issue in the proposed amendment—Fluor's announcement of the Restatement and a DOJ investigation—in their Opposition to Defendants' Motion to Dismiss,

---

scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause.'");  *see also U.S. ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).  Here, the Court's Order providing Plaintiffs a "final opportunity" to amend within 28 days of the Order was no less concrete or binding than a scheduling order setting a deadline for amending pleadings. Accordingly, it should be Plaintiffs' burden to first make a showing of good cause as a threshold matter before the Court even needs to determine whether to grant leave to amend under Rule 15(a)(2).  *See Kouzbari v. Health Acquisition Co.*, No. 3:18-cv-0126-D, 2018 WL 6514766, *1 (N.D. Tex. Dec. 11, 2018) (Fitzwater, J.); *S & W Enters.*, 315 F.3d at 536 & n.4.

which was filed on the same day as their Motion to Amend.[3]  *See* Dkt. No. 126 at 1, 3–4, 8, 13, 18, 25, 29–31, 33, 42–44, 46.   As a result, Defendants have already responded to those new allegations and have shown—both in Defendants' Reply in support of their motion to dismiss and in Section I.E. herein—how these new allegations do not enable Plaintiffs' claims to withstand a motion to dismiss under Rule 12(b)(6).   Plaintiffs fail to provide the Court with any good reason to depart from its prior position and permit yet another amendment.

### B.   Plaintiffs Have Repeatedly Failed to Cure the Deficiencies in Their Pleadings.

Plaintiffs have had more than fair opportunity to assert their claims, and, because they have repeatedly failed to cure the deficiencies in their previous complaints, leave to amend should be denied.  *See McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 376–77 (5th Cir. 2013) (affirming decision to deny motion to amend in light of multiple "opportunities to amend—two with the benefit of defendants' motions to dismiss"); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (upholding denial of motion to amend and noting that "the district court may consider that the moving party failed to take advantage of earlier opportunities to amend").

In its March 5, 2020 Order, the Court dismissed Plaintiffs' previous complaint for "failure to adequately plead the alleged misstatements with the required specificity." Dkt. No. 89 at 5.  The Court also warned Plaintiffs that "[f]alsity and scienter are first cousins in a case such as this," and that "the issues the Court identified with regard to falsity" likely applied to Plaintiffs' scienter allegations as well.  *Id.* at 8.  The Court noted that Plaintiffs would need to replead their scienter

---

[3]  Plaintiffs also filed a separate request for judicial notice of the same subject matter in connection with their Opposition filing. Dkt. No. 129.  Defendants question the propriety of Plaintiffs' tactics in putting these new allegations before the Court in three separate filings— as well as Plaintiffs' ability to raise the issues for the first time in their Opposition—but the fact remains that, in so doing, Plaintiffs only underscore that amendment is unnecessary.

allegations with increased specificity "in their amended complaint to avoid dismissal with prejudice." *Id.* But rather than trying to bolster their allegations of falsity or scienter with respect to the Power Projects they originally challenged, Plaintiffs used their opportunity to replead to simply add similarly-flawed allegations about other Fluor projects, *compare* Dkt. No. 47 ¶¶ 33–77 *with* Dkt. No. 90 ¶¶ 51–74, and to encompass Defendants' prior statements about Fluor's controls and revenue recognition practices, *see* Dkt. No. 90 ¶¶ 141–74; *see also* Dkt. No. 112 at 14–16. And as explained in Defendants' motion to dismiss, the Amended Complaint still falls short of satisfying the heightened pleading requirements of Rule 9(b) and the PSLRA.

In *ABC Arbitrage Plaintiffs Group v. Tchuruk*, the Fifth Circuit affirmed the district court's denial of a request to replead under similar circumstances. 291 F.3d 336, 362 (5th Cir. 2002). In that case, which also involved allegations of securities fraud, the district court had, like here, previously granted a motion to dismiss without prejudice, "holding that the amended complaint did not meet the pleading standards of Federal Rule of Civil Procedure 9(b) and the PSLRA"— specifically with regard to falsity and scienter. *Id.* at 341. After the plaintiffs amended their complaint, it was dismissed again, and plaintiffs were denied another opportunity to replead. *Id.* In upholding the denial of leave to amend, the Fifth Circuit explained that "the district court noted in support of its decision that it had given Plaintiffs almost two years to investigate and substantiate their claims" and that "when dismissing [the prior] [c]omplaint, the court offered Plaintiffs a chance to replead in order to provide more details about why [defendant's] statements and omissions were false or misleading [and] to sufficiently plead that [defendant] knew they were false when made." *Id.* at 362. "Having offered Plaintiffs this second chance, it was not an abuse of discretion to deny them a third chance to offer more details." *Id.*; *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (affirming decision to deny leave to

amend where plaintiffs had three attempts to produce a sufficient complaint); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming denial of leave to amend because plaintiff "already had two opportunities to amend the complaint," including "to cure the complaint's lack of specificity" under Rule 9(b)).

The same outcome is appropriate here. Plaintiffs have had ample opportunity to substantiate their case, and their strategic decision to utilize their "final opportunity" for repleading to expand the scope of the case rather than to cure the material deficiencies that the Court identified weighs in favor of denying the current Motion.

### C.     Amendment Would Unduly Prejudice Defendants.

"[D]enial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 484 (5th Cir. 1996); *see also, e.g.*, *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G, 2018 WL 4090426, at *3 (N.D. Tex. Aug. 27, 2018) (denying motion to amend on undue prejudice grounds). Here, Defendants would be substantially prejudiced by the requested amendment because of the additional costs and delay that would occur with another amendment. Defendants already have expended significant time and resources briefing their pending (second) motion to dismiss, and it would be unduly burdensome to require Defendants to brief arguments in support of dismissal for a third time. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (affirming denial of leave to amend where plaintiff already had multiple opportunities to articulate their theories and "[the defendant] should not be subjected to any further costs").

Plaintiffs inexplicably assert that they "do not anticipate any material impact on the ongoing briefing of [Defendants'] motion [to dismiss] if [Plaintiffs'] request to amend is granted." Motion at 1 (Dkt. No. 130-2). That, of course, is wrong. If Plaintiffs amend the operative

complaint, Defendants will need to prepare and file a new motion to dismiss.  Putting aside the time and costs involved in that effort, a third round of motion to dismiss briefing would result in more delay, impacting not only Defendants, but also the Court's docket, where this case has already been pending for two-and-a-half years.

Defendants have diligently defended this action since its inception, and they await the day that Plaintiffs' meritless claims no longer impugn their reputation and drain their attention and resources.  If Plaintiffs are allowed to amend their pleadings yet again, it will delay the ultimate resolution of this action (and Defendants believe its inevitable dismissal).  Defendants deserve the opportunity to put Plaintiffs' allegations of fraud behind them once and for all.

### D.    Plaintiffs Have Engaged in Undue Delay.

"[U]ndue delay on the part of the movant is sufficient to deny" a motion for leave to amend. *Hemingway v. Vessel Star Savannah*, 200 F.R.D. 572, 575 (E.D. Tex. 2001); *see also Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) ("At some point in time delay on the part of a plaintiff can be procedurally fatal.").  Plaintiffs argue that their "motion is timely" and that "[t]here can be no undue delay" because Fluor's Restatement did not occur until September 2020.  Motion at 5 (Dkt. No. 130-2).  However, in focusing exclusively on the timing of the Restatement, Plaintiffs strategically ignore that other information that they characterize as new and central to their request was available to them significantly earlier.

Plaintiffs argue that amendment should be allowed because Fluor "disclosed three major developments directly related to the [Amended] Complaint's allegations," including the announcement of a DOJ investigation on May 8, 2020.  *Id.* at 2.  Plaintiffs misleadingly claim that all of these developments occurred "after Defendants moved to dismiss."  *Id.*  That is inaccurate.  Defendants filed their most recent motion to dismiss on July 1, 2020.  *See* Dkt. No. 112.  The DOJ investigation was publicly disclosed almost two full months before Defendants filed their motion

to dismiss (and almost six months before Plaintiffs filed their motion to amend), yet Plaintiffs offer no explanation for why they failed timely to timely notify the Court or Defendants of any intention to amend prior to Defendants' filing.  Plaintiffs' undue delay weighs in favor of denying leave to amend.  *See, e.g.*, *Southmark Corp. v. Schulte, Roth & Zabel*, 88 F.3d 311, 315–16 (5th Cir. 1996) (affirming district court's denial of motion to amend because plaintiff offered "no reasonable explanation for its delay," and any other outcome would "serve only to reward [the plaintiff] for its unreasonable delay"); *Hunton v. Guardian Life Ins. Co.*, 243 F. Supp. 2d 686, 712 (S.D. Tex. 2001) (denying motion to amend where "[p]laintiffs ha[d] unduly delayed in requesting . . . amendment" because their "motion was filed three months after the pleadings amendment deadline [and] months after [defendant's] Motion to Dismiss was filed"), *aff'd*, 71 F. App'x 441 (5th Cir. 2003).

### E.   Plaintiffs' Proposed Amendment is Futile.

"The 'futility standard' is 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"  *Mornes v. Valdez*, 414 F.Supp.3d 888, 891 (N.D. Tex. 2019) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).  Leave to amend is futile, and should not be granted, "when the amended complaint would not defeat a motion to dismiss."  *Reyes v. Topgolf Int'l, Inc.*, No. 3:17-cv-0883-L, 2018 WL 704734, *4 (N.D. Tex. Feb. 5, 2018); *see also DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

For all of the reasons identified in Defendants' Motion to Dismiss and Reply, Plaintiffs' April 2020 Amended Complaint does not state a claim under the elevated pleading standards of the PSLRA and Rule 9(b).  And, as explained in more detail in Defendants' Reply, which Defendants incorporate herein by reference, Plaintiffs' proposed additional allegations based on the DOJ investigation and the Restatement cannot salvage their complaint.  This is most obvious

10

with respect to the key element of scienter.  No securities fraud complaint can withstand a motion to dismiss unless it pleads a theory of scienter that is cogent and at least as compelling as the opposing inference of innocent conduct, or even gross negligence.  *See Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.,* 810 F.3d 951, 957 (5th Cir. 2016).  No version of Plaintiffs' claim—whether in the operative complaint or submitted for consideration—has met this standard.

Under Fifth Circuit law, the mere existence of a restatement or a government investigation is not enough to withstand a motion to dismiss in a securities case.  *See Pipefitters*, 499 F. App'x at 350; *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 871 (S.D. Tex. 2016) (ongoing investigation does not "establish scienter without facts showing that a specific person knew of any purported wrongdoing").  With regard to the DOJ investigation, Plaintiffs offer no factual allegations other than the fact it exists.  And with respect to the substance of the Restatement, everything in that document is consistent with Fluor's prior disclosures and its prior arguments before this Court.  It is simply the final step in a thorough process to identify and correct a series of problems with certain of Fluor's fixed-price projects.  The Restatement adds nothing to the scienter allegations in the current complaint and contradicts Plaintiffs' theory of scienter at every turn.

For example, the Restatement confirms that Fluor's internal investigation was extensive and that any errors were isolated occurrences.  More than one hundred outside professionals looked at 90% of Fluor's lump-sum contracts that were greater than $50 million in initial revenue value and were in a loss position over the last five years.  This thorough review identified no company-wide problems.  Instead, it identified two isolated internal control weaknesses and errors in accounting charges on a select few projects that—while taken in the right amounts—should have

been taken in earlier periods.  Dkt. No. 127–3 ("Pls.' Ex. C") at App. 63–64 (identifying control issue on the Radford project and control issue in the Energy & Chemicals business segment); *id*. at App. 15 (explaining virtually all corrections to financial statements relate to Radford); *id*. at App. 136–42 (identifying quarterly adjustments for projects in Energy & Chemicals and Infrastructure segments).

Additionally, both material weaknesses identified in the Restatement are specific to a certain project or business segment, and neither implicates any Individual Defendant.  *See id*. at App. 63 (confirming the first material weakness relates only to the errors regarding the Radford project); *id*. at App. 64 (confirming the second material weakness was specific to the Energy & Chemicals business segment and was due to inappropriate "pressure" exerted by certain individuals within that business line).  The Restatement also expressly rejects the notion that any improper conduct within the Energy & Chemicals business segment was at the direction of Fluor's senior management.  *See id*. at App. 15.

Furthermore, the Restatement directly contradicts Plaintiffs' theory that the Power Projects were at the center of any supposed fraud.  *No* error (even as to timing) or control weakness was identified regarding the Power Projects, even though they were subject to broad, in-depth review.  *See* Pls.' Ex. C at App. 14 (explaining investigation encompassed charges taken on projects in Q2 2019); Amended Complaint ¶ 282 (alleging that the Q2 2019 charges included "three gas-fired projects").  In fact, the only commentary the Restatement offers on the Power Project bids is that Fluor's decision in the early 2010s to follow industry trends and pursue more fixed-price contracts "*resulted* in the company assuming a higher risk profile," *see* Motion at 3 (Dkt. No. 130-2) (emphasis added), and that Fluor now believes that the bids "included estimates about costs and timing that, in *hindsight*, were at times too optimistic."  *See* Pls.' Ex. C at App. 14 (emphasis

added).  This is contrary to any notion of fraud and reinforces the exact sort of fraud-by-hindsight

pleading flaw that the Court recognized when dismissing Plaintiffs' prior complaint.  *See* Order at

5–7.[4]

Because neither the Restatement nor the fact of the DOJ investigation can salvage

Plaintiffs' complaint, granting leave to amend or supplement would be futile.

## II.    Plaintiffs' Motion to Supplement Under Rule 15(d) Should Be Denied.

"Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are

generally based on the same factors of fairness courts weigh when considering motions to amend

pleadings under Rule 15(a). . . .  Of course, there is a fundamental difference between Rule 15(a),

which instructs courts to 'freely give leave when justice so requires,['] and Rule 15(d) which has

no such liberal policy."  *Hyde v. Hoffman-La Roche Inc*., No. 3:04-cv-1473-B, 2008 WL 2923818,

*1, *3 (N.D. Tex. Jul. 30, 2008) (citing *Burns v. Exxon Corp*., 158 F.3d 336, 343 (5th Cir. 1998))

("While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d)

does not similarly provide"); *see also United States v. GSD&M Idea City LLC*, No. 3:11-cv-1154-

O, 2013 WL 11310484, *10–11 (N.D. Tex. Sept. 6, 2013) (similar).  Because the relevant factors

under Rule 15(a) weigh heavily against amendment, Plaintiffs' attempt to supplement the

Amended Complaint under Rule 15(d) also should be rejected.  *See, e.g.*, *Haggard v. Bank of

Ozarks, Inc*., 668 F.3d 196, 202 (5th Cir. 2012) (affirming denial of leave to supplement based on

futility); *Charles L.M. ex rel. Susan R.M. v. Ne. Indep. Sch. Dist*., 995 F.2d 222, *4–5 (5th Cir.

---

[4]  Plaintiffs' charts and calculations related to the Restatement (*see, e.g.*, Dkt. No. 130-3 at 9–
17)—which in some instances are incorrect or misleading—do nothing to improve their
Complaint.  *See* Reply at 25 n.17.  The bottom line remains the same: all adjustments in the
Restatement were as to timing, not amount (i.e., no additional charges were taken), essentially
all errors identified in the Restatement were confined to a single project (i.e., Radford), and no
errors were identified in connection with Fluor's Power Projects.

1993) (affirming denial of leave to file supplemental pleadings because supplements "would not have made a difference to the result reached"); *Lewis v. Knutson*, 699 F.2d 230, 239–40 (5th Cir. 1983) (affirming the denial of leave to supplement when the motion was filed "over five months after the occurrences of which he complains" and "fails to cure" a prior defect); *Beltran v. United States*, No. EP-18-cv-305-KC, 2019 WL 9094566, *4 (W.D. Tex. Aug. 7, 2019) (denying leave to supplement when it would "not promote judicial economy or the just, speedy, and inexpensive disposition of the dispute"); *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013) (denying leave to file supplemental pleading where "it fails for the same or similar reasons [as] [plaintiff's] prior claims"), *aff'd sub. Nom Mangwiro v. Johnson*, 554 F. App'x. 255 (5th Cir. 2014).

## CONCLUSION

For all of these reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Supplement or, in the Alternative, Amend the First Amended Consolidated Complaint.

14

DATED:  December 14, 2020                    Respectfully submitted,


                                             /s/ Michael Raiff
                                             Robert C. Walters
                                               Texas Bar No. 20820300
                                             Michael L. Raiff
                                               Texas Bar No. 00784803
                                             GIBSON, DUNN & CRUTCHER LLP
                                             2001 Ross Avenue, Suite 2100
                                             Dallas, Texas 75201
                                             Telephone: 214.698.3350
                                             Facsimile: 214.571.2927
                                             RWalters@gibsondunn.com
                                             MRaiff@gibsondunn.com

                                             Brian M. Lutz (admitted *pro hac vice*)
                                             GIBSON, DUNN & CRUTCHER LLP
                                             555 Mission Street, Suite 3000
                                             San Francisco, CA  94105-0921
                                             Telephone: 415.393.8200
                                             Facsimile: 415.374.8474
                                             BLutz@gibsondunn.com

                                             Lissa M. Percopo (admitted *pro hac vice*)
                                             GIBSON, DUNN & CRUTCHER LLP
                                             1050 Connecticut Ave., N.W.
                                             Washington, D.C. 20036
                                             Telephone: 202.887.3770
                                             Facsimile: 202.530.9528
                                             LPercopo@gibsondunn.com

                                             COUNSEL FOR DEFENDANTS

15

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2020, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

 /s/ *Michael Raiff*
Michael L. Raiff