UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIN-YIP CHUN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:18-cv-01338-X |
| HF FOOD AND ENTERTAINMENT, LLC, et al., | § § § | |
| *Defendants.* | § § | |

## ORDER AND FINAL JUDGMENT

On November 7, 2022, the Court held a hearing on two motions in this securities fraud class action lawsuit: the Motion for Final Approval of Settlement and Plan of Allocation [Doc. No. 165] and the Motion for Attorney's Fees [Doc. No. 166]. The Lead Plaintiffs[1] filed both motions, and Defendants[2] do not oppose either of them. For the following reasons, the Court **GRANTS** the Motion for Final Approval of Settlement and Plan of Allocation and **DENIES WITHOUT PREJUDICE** the Motion for Attorney's Fees. Because the Court approves the Settlement, this Order constitutes a Final Judgment in this case. Accordingly, the Court **DISMISSES WITH PREJUDICE** all claims against the Defendants.

---

[1] Lead Plaintiffs are Wayne County Employee Retirement System, Town of Fairfield Employees' Retirement Plan, and the Town of Fairfield Police and Firemen's Retirement Plan. They are represented by Lead Counsel Robbins Geller Rudman & Dowd LLP and Pomerantz LLP.

[2] Defendants are Fluor Corporation ("Fluor"), David T. Seaton, Biggs C. Porter, Bruce A. Stanski, Matthew McSorley, Gary G. Smalley, Carlos M. Hernandez, D. Michael Steuert, and Robin K. Chopra.

The Court turns first to the Motion for Final Approval of Settlement and Plan of Allocation, which asks the Court to (1) approve the proposed class action settlement (the "Settlement"), which provides a $33 million cash recovery for the Settlement Class as set forth in the parties' Stipulation of Settlement (the "Stipulation"),[3] (2) certify the Settlement Class, and (3) approve the Plan of Allocation. Having carefully considered the motion, and in accordance with its previous Order Preliminarily Approving Settlement ("Preliminary Approval Order"),[4] the Court concludes as follows:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the above-captioned case (the "Action"), Lead Plaintiffs, all Settlement Class Members, and the Defendants.

3. In accord with its Preliminary Approval Order, the Court certifies, for purposes of the Settlement only, the Action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Settlement Class consisting of all persons or entities that purchased, or otherwise acquired, the common stock of Fluor (NYSE: FLR) between August 14, 2013 and February 14, 2020, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants;

---

[3] Doc. No. 159-2.

[4] Doc. No. 162.

members of the immediate families of the Individual Defendants; Fluor's subsidiaries and affiliates; any person who was an officer or director during the Settlement Class Period; any entity in which any Defendant has a controlling interest; the judges presiding over the Action and the immediate family members of such judges; the legal representatives, heirs, successors and assigns of any such excluded person or entity; and those persons or entities who filed requests for exclusion in accordance with the Preliminary Approval Order (the "Excluded Parties").[5]   Per the terms of the Stipulation, Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class.

4. Notice substantially in the form approved by the Court in its Preliminary Approval Order was mailed to all reasonably identifiable potential Settlement Class Members, and the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court, and the Stipulation, all forms of the Notice, and the Proof of Claim were posted on the Claims Administrator's website. The forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Federal Rule of Civil Procedure 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934,[6] as amended by the Private Securities Litigation Reform Act of 1995; constituted the best

---

[5] As identified by Lead Plaintiffs, the individuals timely requesting exclusion from the Settlement Class include (1) Gilbert Dlugy TTEE, Monique Dlugy TTE, U/A DTD 01/16/2006; (2) Matthew Scarlato; (3) Malta Pension Investments; (4) Christopher Earl Beardmore; (5) Eileen Hsu. Doc. No. 168-2 at 29.

[6] 15 U.S.C. § 78u4(a)(7).

notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The notice provisions of the Class Action Fairness Act[7] were fully discharged and the statutory waiting period has elapsed.  Thus, all members of the Settlement Class, except the Excluded Parties, are bound by this Order.

5. The Settlement, whereby Defendants caused to be paid per the terms of the Stipulation an aggregate gross payment amount of thirty-three million dollars ($33,000,000) is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class.  The Settlement satisfies all factors outlined in Federal Rule of Civil Procedure 23, as well as the factors listed by the Fifth Circuit in *Reed v. General Motors Corporation*, 703 F.2d 170, 172 (5th Cir. 1983).  The amount is fair and adequate.  There was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's length negotiations among competent, able counsel representing the Parties' interests; and the record is sufficiently developed and complete to have enabled Lead Plaintiffs, Lead Counsel, Defendants, and their counsel to have adequately evaluated and considered their positions before

---

[7] 28 U.S.C. § 1715.

4

deciding to settle.  Lead Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. Lead Plaintiffs and all Settlement Class Members (whether or not they submitted a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby release, waive, and forever discharge all of the Released Settlement Class Claims against Defendants and other Released Parties.  Lead Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting the Released Settlement Class Claims, as set forth in the Stipulation.  For purposes of this Order and Final Judgment:

> a. "Released Settlement Class Claims" means, as defined in the Stipulation, any and all claims, whether known or unknown claims, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other Settlement Class Members: (i) asserted in Lead Plaintiffs' First Amended Consolidated Complaint[8]; or (ii) could have asserted in any court or forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth or referenced in the

---
[8] Doc. No. 90.

First Amended Consolidated Complaint and that relate to the purchase or acquisition of shares of Fluor common stock (NYSE: FLR) during the Settlement Class Period, except for claims related to the enforcement of the Settlement.

b. "Released Parties" means (i) Defendants Fluor (including its subsidiaries, affiliates, heirs, and assigns), Seaton, Porter, Stanski, McSorley, Smalley, Hernandez, Steuert, and Chopra; and Fluor's current and former officers, directors, employees, insurers, attorneys, and agents, for the Released Settlement Class Claims; and (ii) Lead Plaintiffs, Lead Counsel, and other Lead Plaintiffs' counsel, and the Settlement Class Members for the Released Defendant Claims.

7. Defendants and other Released Parties, on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby fully, finally, and forever release, relinquish, and discharge each and every one of the Released Defendant Claims against Lead Plaintiffs, any Settlement Class Member, and any of their counsel including Lead Counsel.  Defendants and other Released Parties are hereby permanently and forever enjoined from prosecuting the Released Defendant Claims, as set forth in the Stipulation.  For purposes of this Order:

a. "Released Defendant Claims" means, as defined in the Stipulation, any and all claims and causes of action of every nature and description whatsoever, whether known or unknown claims, against Lead Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member that arise out of or

relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, including without limitation for violation of Federal Rule of Civil Procedure 11, except for claims relating to the enforcement of the Settlement.

8. Bar Order: All Persons are barred from commencing, prosecuting, or asserting any Barred Claims (as defined below). All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable. If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim. For purposes of this Order:

a. "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise, and whether arising under state, federal, or common law, against the Defendants or other Released Parties (including claims asserted by Released Parties against other Released Parties) where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member or (ii) any costs, expenses, or attorney's fees from defending any

claim by the Settlement Class or any Settlement Class Member.

9. Notwithstanding the foregoing, nothing in this Order:

a. Will bar the Released Parties from pursuing claims that are outside the scope of or independent of the Released Claims, including but not limited to any claim that any Released Party may have for indemnification related to costs and expenses incurred in conjunction with the Action;

b. Will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Released Claims;

c. Shall prevent Lead Plaintiffs or any Settlement Class Member from pursuing any claim against Defendants or other Released Parties that are excluded from the Released Settlement Class Claims as set forth above; or

d. Shall prevent any of the Excluded Parties from pursuing any claim against any Released Party; if any such Person pursues any such claim against any Released Party, nothing in this Order or in the Stipulation shall operate to preclude such Released Party from (i) asserting any claim of any kind against such Person, including any Released Claim, or (ii) seeking contribution or indemnity from any Person, including any other Released Party, in respect of the claim made by the Excluded Party.

10. Lead Plaintiffs' counsel are awarded expenses in the amount of $115,915.09, such amounts to be paid from the Settlement Fund upon entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the expenses among other Lead Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that the Settlement does not become final, and any portion of the expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel for Lead Plaintiffs to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of entry of the order rendering the Settlement non-final or notice of the Settlement being terminated, refund to the Settlement Fund the expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

11. Lead Plaintiffs Wayne County Employees' Retirement System, the Town of Fairfield Employees' Retirement Plan, and the Town of Fairfield Police and Firemen's Retirement Plan are awarded $1,919.25, $25,000.00, and $25,000.00, respectively, as reasonable costs and expenses directly relating to their representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

12. The proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

13. All parties and their counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings herein.

14. Neither this Order, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum of Understanding ("MOU"), nor any of the negotiations, documents, or proceedings connected with them shall be deemed to be, or be, argued to be offered or received:

> a. Against any of the Defendants or other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants or other Released Parties;

> b. Against any of the Defendants, Lead Plaintiffs, any Settlement Class Member, or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against any of them in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation. The Defendants, Lead Plaintiffs, any Settlement Class Member, and the other Released Parties may refer to the Stipulation to effectuate the liability protection

10

granted them hereunder;

c. Against any of the Defendants or other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

d. Against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

e. Against any of the Defendants or other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Action is suitable to proceed as a class action outside of the Settlement; or

f. Against Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiffs in the First Amended Class Action Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any noncompliance with Federal Rule of Civil

Procedure 11 or any similar rule or ethical obligation.

15. Notwithstanding the foregoing Paragraph 14, the Parties and other Released Parties may file or refer to this Order, the Stipulation, Preliminary Approval Order, or any Proof of Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation or this Order.

16. Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

18. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is directed pursuant to Federal Rule of Civil Procedure 54(b).

19. The finality of this Order shall not be affected, in any manner, by any

appeals concerning the expenses awarded herein, compensatory awards to Lead Plaintiffs, or the Plan of Allocation.

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in ¶¶2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.14, 9.15, 9.16, 9.18 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in ¶28 thereof, and this Order, except for ¶¶13 and 19–21, shall be rendered null and void and of no further force or effect, and all Parties shall be deemed to have reverted nunc pro tunc to their respective status prior to the execution of the MOU, and all Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

21. In the event the Settlement does not become final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement non-final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Fund, including interest earned, shall be returned to Defendants or any other person or entity who or which paid any portion

of the Settlement Fund, pro rata as had been paid by them respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice & Administration Costs, Taxes, and Tax Expenses.   Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.   Lead Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.

22. If, instead, the Settlement becomes final, once it becomes final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Account or Settlement Account to any of the Defendants or any other person or entity who or which paid any portion of the Settlement Amount.

23. Any Court orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

In light of the foregoing conclusions, the Court **GRANTS** the Motion for Final Approval of the Settlement Agreement and Plan of Allocation and **DISMISSES WITH PREJUDICE** all claims against the Defendants.

At the hearing, the Court expressed concern about the Lead Plaintiffs' Motion for Attorney's Fees and requested further clarification from Lead Plaintiffs to address the issues raised by the Court.   Anticipating that clarification, the Court **DENIES WITHOUT PREJUDICE** the Motion for Attorney's Fees, and will await the Lead Plaintiffs' renewed motion.

**IT IS SO ORDERED** this 8th day of November, 2022.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE