UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KIN-YIP CHUN, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | Civil Action No. 3:18-cv-01338-X <br><br> <u>CLASS ACTION</u> <br><br> **HEARING REQUESTED** |
| Plaintiff, | | |
| vs. | | |
| FLUOR CORPORATION, et al., | | |
| Defendants. | | |

**LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PAYMENT OF NOTICE AND ADMINISTRATION COSTS AND EXPENSES,
PAYMENT OF ATTORNEYS' FEES,
CALCULATION AND DISTRIBUTION OF THE NET SETTLEMENT FUND,
SELECTION OF *CY PRES* RECIPIENT, AND
<u>ENTRY OF THE [PROPOSED] SETTLEMENT DISTRIBUTION ORDER</u>**

Lead Plaintiffs Wayne County Employees' Retirement System, the Town of Fairfield Employees' Retirement Plan, and the Town of Fairfield Police and Firemen's Retirement Plan ("Lead Plaintiffs") respectfully submit this unopposed[1] motion, in accordance with Stipulation ¶6.3, for: (1) an increase of the Notice & Administration Account by an extra two hundred seventy-five thousand dollars ($275,000.00); (2) payment of attorneys' fees in the amount of 30% of the Settlement Amount plus interest; (3) calculation of the Net Settlement Fund; (4) distribution of the Net Settlement Fund to those Settlement Class Members that the Claims Administrator has determined to be Authorized Claimants; (5) selection of a *cy pres* recipient for any remaining balance after all economically feasible distributions to Authorized Claimants; and (6) entry of the Settlement Distribution Order submitted herewith.[2]

*First*, pursuant to the Stipulation ¶2.6, five hundred thousand dollars ($500,000.00) was deposited into the Notice & Administration Account to pay the costs and fees of the Claims Administrator in administering the settlement, including disseminating notice to Settlement Class Members, handling Settlement Class Member inquiries, processing Settlement Class Member claims and working to cure defects, and identifying the universe of Authorized Claimants. As described in the accompanying Declaration of Luiggy Segura submitted herewith ("Segura Distribution Declaration") ¶¶5-20, 22-34, App. at 2-10, these efforts included mailing nearly 406,000 Postcard Notices, processing 210,315 total submitted claims, and confirming eligibility for recovery by 119,825 Authorized Claimants, as discussed in greater detail below.

---

[1] Given that the Effective Date of the Settlement has occurred, Defendants have no further interest in, or right to, any portion of the Settlement Fund.

[2] All defined terms herein have the definitions assigned in the Stipulation of Settlement dated March 25, 2022 (ECF 159-1) (the "Stipulation").

This Litigation settled for $33 million. To date, $500,000.00 has been paid to the Claims Administrator. Additionally, $115,915.09 was paid as reimbursement for counsel's expenses and $51,919.25 was paid to the Lead Plaintiffs as reimbursement for costs and expenses, as ordered by the Court on November 8, 2022 (ECF 171). Finally, $403,959.34 in interest has been earned on the Settlement Fund. Thus, as of March 31, 2023, the Settlement Fund holds $32,733,308.74.

To date, all invoices of the Claims Administrator have been fully paid, except for the three most recent invoices (one of them in part), which together exceed the amount remaining in the Notice & Administration Account by ninety-six thousand three hundred twenty-nine dollars and ten cents ($96,329.10). *See* Segura Distribution Declaration, ¶45, App. at 14. Moreover, the Claims Administrator must still effectuate the distribution of the Net Settlement Fund and related administration duties, until the Net Settlement Fund has been depleted. The Claims Administrator estimates that two hundred fifty thousand dollars ($250,000.00) more is needed, including the amount necessary to fully pay the shortfall for the current invoices, to advance the Settlement through that initial distribution. *Id*. Lead Plaintiffs respectfully move this Court for leave to transfer two hundred seventy-five thousand dollars ($275,000.00) more into the Notice & Administration Account for these purposes and to ensure a small cushion for additional distribution(s), if any.

***Second***, the Court's Order and Final Judgment (ECF 171), entered on November 8, 2022, did not address the issue of attorneys' fees, which is ripe for decision and requires resolution in order for the Net Settlement Fund to be calculable and for Settlement Class Members to receive their *pro rata* share of the Net Settlement Fund. Pursuant to the Stipulation ¶¶7.0-7.3, Lead Counsel has sought payment of attorneys' fees in the amount of thirty percent (30%) of the Settlement Amount, plus interest. As set forth in Lead Counsel's original motion and

3

memorandum (ECF 166) and Appendix (ECF 167-1 through 167-8), the reply in support thereof (ECF 168), and, following the November 7, 2022 final approval hearing, Lead Counsel's renewed motion and memorandum (ECF 173), an award in this amount is reasonable and well-supported, both factually and legally and, significantly, is unopposed by Defendants and drew zero objections from Settlement Class Members after nearly 406,000 notices were mailed as part of a robust Court-approved notice program. Thus, for the reasons already stated, Lead Counsel respectfully requests payment equal to thirty percent (30%) of the Settlement, or nine million nine hundred thousand dollars ($9,900,000.00), plus interest earned while these funds have been deposited in escrow in the Settlement Account. Settlement Class Members cannot receive their recoveries until Lead Counsel's unopposed motion for attorneys' fees is resolved.

*Third*, to distribute monies to Authorized Claimants, it is necessary to calculate the Net Settlement Fund. Stipulation ¶1.14 defines the Net Settlement Fund as the Settlement Fund (gross) less any (i) Taxes and Tax Expenses, (ii) Fee and Expense Award to Lead Counsel, (iii) awards to Lead Plaintiffs approved by the Court, and (iv) Notice & Administration Costs. The Court's Order & Final Judgment (ECF 171) at ¶¶10-11 awarded Lead Counsel payment of their litigation costs and expenses and awarded the Lead Plaintiffs awards pursuant to 15 U.S.C. §78u-4(a)(4). The Court's decisions now on the two requests above – the increase of the Notice & Administration Account balance and the payment of attorneys' fees plus interest – are most of what remains. If the Court resolves those issues, that leaves only the Taxes and Tax Expenses, which the Claims Administrator estimates to be fifteen thousand dollars ($15,000.00), which, subject to Court approval, will be withheld from any distribution in accordance with Stipulation ¶2.10(f) and timely paid when due. Lead Plaintiffs respectfully request the Court's approval of this approach, which will permit calculation of the Net Settlement Fund.

*Fourth*, Lead Plaintiffs respectfully request that the Claims Administrator be permitted to distribute the Net Settlement Fund to Authorized Claimants. Here, once the Court's Judgment became Final, then "[a]ll funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall…be distributed…." Stipulation ¶2.5. "The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund." Stipulation ¶6.0. Distribution to the Authorized Claimants shall occur "only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration, including the Notice & Administration Costs, Taxes, and Tax Expenses, have been paid." Stipulation ¶6.3. Thus, resolution of the above-listed items is a necessary and unavoidable prerequisite to distribution. Once they are resolved, the Net Settlement Fund, including interest earned while it was in escrow, will be available for distribution.

Distribution of funds to Authorized Claimants is the final step of the Settlement process. As a result of its work, outlined above, the Claims Administrator has reached the point where it is ready to calculate the Net Settlement Fund, use the Net Settlement Fund figure to calculate *pro rata* recoveries for the Authorized Claimants in accordance with the Court-approved Plan of Allocation, and distribute checks to them. Specifically:

- Pursuant to the Preliminary Approval Order (ECF 162) ¶12, Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim such

that they were received no later than October 14, 2022.  The Claims Administrator has finalized its Report, submitted herewith, which provides the total number of submitted Proofs of Claim; the total number of properly documented Proofs of Claim submitted by Authorized Claimants in accordance with Stipulation ¶6.4; the total number of ineligible or deficient Proofs of Claim that were rejected; and the total Recognized Loss amount represented by the Authorized Claimants. *See* Segura Distribution Declaration, ¶¶41-44, App. at 13-14, and Exhibits A-E, App. at 19-3595. There were submitted a total of ***199,825*** approvable Proofs of Claim, representing total Recognized Losses of ***$1,098,053,008.68***, including 119,383 timely-received claims representing $1,070,115,992.50 in Recognized Losses and 442 late but otherwise valid claims representing $27,937,016.18 in Recognized Losses.  *Id.* ¶¶42-43, App. at 13, and Exhibits C-D, App. at 32-1428.  Lead Counsel believes that no delay has resulted or would result from acceptance of these late claims, and respectfully asks that the Court approve them for payment.

- However, as per the rationale of setting the prior Bar Date in the Preliminary Approval Order, there needs to be a final cut-off date after which no more claims may be accepted so that a distribution of the Net Settlement Fund can occur.  Accordingly, Lead Counsel and the Claims Administrator also respectfully request that the Court rule that any claims received after March 28, 2023 and any responses to deficiency and/or rejection notices received after March 28, 2023 be deemed untimely and rejected.  *See* Segura Distribution Declaration, ¶¶35-36, App. at 10-11.

- That leaves a total of 90,490 current Proofs of Claim that the Claims Administrator has recommended for rejection, after appropriate efforts to transmit and process notices of deficiencies and otherwise work with claims submitters to cure any defects.  *Id.* ¶44, App. at 13-14, and Exhibit E, App. at 1429-3584.  These claims were rejected for various reasons, including that

they did not include Class Period purchases or acquisitions of the stock at issue, were duplicative of other claims, had defects that were never cured, did not result in a Recognized Claim, or were withdrawn. *Id.* Lead Counsel respectfully requests that they be finally rejected by the Court.

*Fifth*, the Claims Administrator is to make additional distribution(s) to the Authorized Claimants of any residual balance in the Net Settlement Fund as may exist after the initial distribution (*e.g.*, due to uncashed checks, tax refunds, or otherwise), to the extent economically feasible. Stipulation ¶6.7. There will likely be a point where another distribution to the 119,825 Authorized Claimants is not economically feasible, because the cost of distribution would not justify the burden and expense of doing so. In that case, by that point, "such remaining balance will then be distributed pursuant to a method approved by the Court." *Id.* Traditionally, counsel seeks to donate that *de minimus* residual to a non-profit organization unrelated to counsel or any class representative. Here, Lead Plaintiffs propose that the recipient of this *de mininus* amount be Legal Aid of Northwest Texas, based in Dallas, and respectfully seek the Court's approval of that choice.

*Finally*, Lead Plaintiffs respectfully request entry of the proposed Settlement Distribution Order, submitted herewith, to resolve the above-listed items and to permit the Claims Administrator promptly to distribute the Net Settlement Fund to Authorized Claimants, in accordance with the Stipulation. The "'Settlement Distribution Order' means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants." Stipulation ¶1.35. The proposed Settlement Distribution Order does so, fully resolving all issues outlined

above and all issues outstanding in the Settlement and the Action. Lead Plaintiffs respectfully request that it be entered at this time.

## CONCLUSION

For all these reasons, Lead Plaintiffs respectfully request that their Motion be granted and the proposed Settlement Distribution Order be entered.

DATED: April 3, 2023

Respectfully submitted,

POMERANTZ LLP
JEREMY A. LIEBERMAN  (NY Bar No. 4161352)
MATTHEW L. TUCCILLO (NY Bar No. 5008750)
J. ALEXANDER HOOD II  (NY Bar No. 5030838)
JENNIFER BANNER SOBERS (NY Bar No. 4411922)

*/s/ Matthew L. Tuccillo*
MATTHEW L. TUCCILLO
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212-661-1100
Fax: 212-661-8665
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
ahood@pomlaw.com
jbsobers@pomlaw.com
POMERANTZ LLP
Patrick V. Dahlstrom
Ten South Lasalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com

*Lead Counsel for Lead Plaintiffs and Settlement Class Counsel for Settlement Class Members*

| | |
|---|---|
| DATED:  April 3, 2023 | ROBBINS GELLER RUDMAN & DOWD LLP<br>ELLEN GUSIKOFF STEWART (CA Bar No. 144892)<br>DARRYL J. ALVARADO (CA Bar No. 253213)<br>J. MARCO JANOSKI GRAY (CA Bar No. 306547)<br><br>*/s/ Darryl J. Alvarado*<br>DARRYL J. ALVARADO<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619-231-1058<br>Fax: 619-231-7423<br>elleng@rgrdlaw.com<br>dalvarado@rgrdlaw.com<br>mjanoski@rgrdlaw.com<br><br>*Lead Counsel for Lead Plaintiffs and Settlement Class Counsel for Settlement Class Members* |
| DATED:  April 3, 2023 | KENDALL LAW GROUP, PLLC<br>JOE KENDALL (Texas Bar No. 11260700)<br><br>*/s/ Joe Kendall*<br>JOE KENDALL<br>3811 Turtle Creek Blvd., Suite 1450<br>Dallas, TX  75219<br>Telephone: 214-744-3000<br>Fax: 214-744-3015<br>jkendall@kendalllawgroup.com<br><br>*Local Counsel for Wayne County Employees' Retirement System* |
| DATED:  April 3, 2023 | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>THOMAS C. MICHAUD (MI Bar No. P46787)<br>79 Alfred Street<br>Detroit, MI  48201<br>Telephone: 313-578-1200<br>Fax: 313-578-1201<br>tmichaud@vmtlaw.com<br><br>*Additional Counsel for Wayne County Employees' Retirement System* |

DATED:  April 3, 2023                                  THE BRISCOE LAW FIRM, PLLC
                                                       WILLIE C. BRISCOE (Texas Bar No. 24001788)
                                                       3131 McKinney Avenue, Suite 600
                                                       Dallas, TX  75204
                                                       Telephone: 214-643-6011
                                                       Fax: 281-254-7789
                                                       wbriscoe@thebriscoelawfirm.com

                                                       *Local Counsel for the Town of Fairfield Employees' Retirement Plan and the Town of Fairfield Police and Firemen's Retirement Plan*

**CERTIFICATE OF CONFERENCE**

This is to certify that on March 31, 2023, I conferred with counsel for Defendants, who confirmed that they do not oppose the relief sought in this Motion.

                                                       */s/ Matthew L. Tuccillo*
                                                       MATTHEW L. TUCCILLO

**CERTIFICATE OF SERVICE**

This is to certify that on April 3, 2023, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

                                                       */s/ Matthew L. Tuccillo*
                                                       MATTHEW L. TUCCILLO